Jacob Lutsky, J.
By consent William H. Owens, corporate security director of the Gertz Department Store, was substituted for the petitioner who has left the employment of the Gertz Department Store.
Petitioner was not represented by counsel from the Gertz store and the Law Guardian objected to proceeding with this matter as he alleged the court would then be acting as prosecutor as well as the trier of the facts. This court overruled the objection on the ground that it was not presenting petitioner’s ease and that petitioner was proceeding at his own risk since he did not have the benefit of an attorney. If anything, this would be of benefit to the respondent.
This court decries the fact that we do not have enough assistants assigned to this court to represent petitioners in juvenile proceedings. Despite repeated requests,, this court has not been furnished the necessary assistants.
There are six parts in this court and only three assistants assigned by the Corporation Counsel. Obviously this causes undue delay of the prosecution of juvenile cases. Even though this alleged incident occurred on the premises of the Gertz store, the Corporation Counsel should handle the case and not the counsel for Gertz. The Corporation Counsel should represent all petitioners in juvenile proceedings regardless of where the incidents occur.
This case had already been adjourned before. In the interests of justice and having cases disposed of expeditiously so that people do not have to come to court repeatedly the court proceeded with the hearing.
At the hearing it developed from the testimony that petitioner had warned respondent several times not to come into the store, the last time being about two months ago.
Petitioner rested. The Law Guardian, at this point, on behalf of the respondent moved to dismiss the petition on the ground that the evidence and the facts alleged in the petition constitute the crime of criminal trespass, fourth degree, which is a violation and not a crime and is not criminal trespass, third degree, as alleged in the petition. If this were a violation, then the petition would have to be dismissed as this court has jurisdiction only over crimes.
The Law Guardian contends that section 140.10 of the Penal Law, as most recently amended, which provides that it is the crime of criminal trespass, third degree, if a person “ knowingly enters or remains unlawfully in a building or upon real prop *314 erty which is fenced or otherwise enclosed in a manner designed to exclude intruders ” requires that a “ building ” be fenced or otherwise enclosed for there to be a violation of the section.
The, court does not agree with this argument. The words ‘ ‘ building ’ ’ and ‘1 fenced real property ’ ’ are separate and distinct and the Court of Appeals has so ruled. (See People v. Brown, 25 N Y 2d 374; and Marks and Paperno, Criminal Law in New York under the Revised Penal Law, § 293.)
In the Brown case the court stated that if the defendant entered the ‘ ‘ building ’ ’, the only remaining issue for a conviction under section 140.10 of the Penal Law is whether he entered or remained unlawfully.
Admittedly the Gertz store is a building. It is also clear from the evidence that the respondent was on the premises unlawfully.
It has been established that a person may be barred from entering a department store where he has been told not to enter the store (Matter of Florette D., 58 Misc 2d 1093, revd. on other grounds 33 A D 2d 1028).
In the instant case the respondent was told several times by petitioner not to enter the store, the last time being two months ago and after petitioner had had respondent arrested two times.
Based upon the foregoing and a review of the evidence, the court finds that the acts alleged in the petition were sustained by evidence beyond a reasonable doubt. The acts if committed by an adult would constitute the crime of criminal trespass, third degree (Penal Law, § 140.10).