HON. DONALD E. KEINZ County Attorney, Oneida County
This is in response to a recent letter from your office wherein you ask our office as to whether or not the County Attorney must appear in support of a petition in a family offense proceeding when requested to do so by the Family Court.
Article 8 of the Family Court Act deals with family offenses and the proceedings thereto. The persons who may originate these proceedings are enumerated in section 822 of the statute.
Section 501 of the County Law prescribes the duties of the County Attorney, in pertinent part, as follows:
 "1. * * * The county attorney shall prosecute and defend all civil actions and proceedings brought by or against the county * * *
* * *
 "3. The county attorney shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors."
Section 254 of the Family Court Act provides as follows:
 "§ 254. Presentation by corporation counsel, county attorney or district attorney
 "(a) The family court or the appropriate appellate division of the supreme court may request the appropriate corporation counsel or county attorney to present the case in support of the petition when, in the opinion of the family court or appellate division such presentation will serve the purposes of the act. When so requested, the corporation counsel or county attorney shall present the case in support of the petition and assist in all stages of the proceedings, including appeals in connection therewith.
 "(b) In all cases involving abuse, the corporation counsel of the city of New York and outside the city of New York, the appropriate district attorney shall be a necessary party to the proceeding."
The duty of the county attorney to present a case does not depend upon the identity of the person originating the proceeding. We held in 1975 Atty. Gen. 92, that a county attorney must appear in support of a petition to adjudicate a juvenile delinquent or a person in need of supervision when requested to do so by the Family Court. It appears that above section 254 is a discretionary power of the court, when the court determines that such representation by the county attorney will serve the purposes of the Act. This case does not seem to be an abuse of such discretion by the Family Court (see, Kevin G., 71 Misc.2d 312
[1972]).
Accordingly, we conclude that a county attorney must appear in support of the petition in a family offense proceeding when requested to do so by the Family Court.