OPINION OF THE COURT
George A. Reed, J.
At the dispositional hearing the probation department reported that the respondent would be accepted at Berkshire Farm Center and Services for Youth. The order of disposition merely placed the respondent in the custody of the Commissioner of Social Services without restriction as to a particular *702 agency or class of agencies. Berkshire has filed a petition, based on incorrigibility, for transfer of the respondent to the Division for Youth. The commissioner, in turn, has filed a petition for violation of the order of disposition.
The Law Guardian argues that the Family Court is not the proper forum to determine the propriety of Berkshire’s expulsion of the respondent and that the respondent cannot be placed with the Division for Youth without a hearing to determine that the commissioner is unable to place the child with any other suitable authorized agency.
The contentions both are correct. Section 756 of the Family Court Act, as amended, provides in paragraphs (ii) and (iv) of subdivision (a) that the court "may” place the juvenile with specific direction for replacement. In contrast, paragraph (iii) directs that the court "shall” grant the Division for Youth certain alternatives. Different words require different interpretations. The commentators note: "In 1975, a proposal to simply eliminate the option of placement directly with an authorized agency died in committee. The objection was that the court should retain the power to determine where the child is ultimately placed and not have to yield that power to a Social Services commissioner. * * * By giving the court clear power to place a child with the commissioner with guidelines for replacement, the amendment also enables the court to remove itself somewhat from the ultimate specific placement decision.” (Barsky and Gottfried, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29a, Family Ct Act, 1976-1979 Supplementary Pamphlet, § 756, p 287.)
The question presented is if, when, as here, the order places the juvenile in the custody of the commissioner without specific direction, the ultimate receiving agency must apply to the court for transfer (cf. Family Ct Act, § 773) and, if not, whether or not the commissioner can make a new placement without returning to court. Since the language is permissive, I hold that section 756 of the Family Court Act allows the court three options: (1) unrestricted placement with the commissioner whereunder the commissioner may exercise any option available to him; (2) placement with direction for replacement with a designated agency, or (3) placement with direction for replacement with a class of agencies. So holding, the petition by Berkshire is dismissed as moot, the expulsion by Berkshire and the change in the physical custody of the juvenile being *703 deemed as an administrative matter for determination by the commissioner.
The petition by the commissioner alleging a violation of an order of disposition is amended to a petition for transfer for incorrigibility under section 773 of the Family Court Act. Thereunder, it will be the commissioner’s burden to prove that the juvenile (1) is incorrigible and (2) that the commissioner is unable to replace the juvenile with any other agency.