OPINION OF THE COURT
Judith Sheindlin, J.
The respondent, a 15-year-old male, appears before this court for disposition after a designated felony act finding. Two prior felony findings form the predicate for the designated felony finding in this instance. (See Family Ct Act, § 301.2, subd 8, par [v].)
The first prior felony finding was to robbery in the second degree (Penal Law, § 160.10, subd 2, par [b]), which would have constituted a designated felony act but for respondent’s age, which was then 13.
Following a contested dispositional hearing on the present designated felony act finding, this court found that the respondent required restrictive placement. (See Family Ct Act, § 353.5.)*
Therefore, the sole issue presently before this court is the term of the restrictive placement.
*645 Subdivision 6 of section 353.5 of the Family Court Act states: “When the order is for a restrictive placement in the case of a youth found to have committed any designated felony act and such youth has been found by a court to have committed a designated felony act on a prior occasion, regardless of the age of such youth at the time of commission of such prior act, the order of the court shall be made pursuant to subdivision four.” (Emphasis added.)
This section derives from and is identical to subdivision 5 of former section 753-a of the Family Court Act which was enacted in 1978 as part of a bill to “toughen the Juvenile Justice Reform Act of 1976 * * * and to increase the range of dispositional alternatives available to the Family Court.” (McKinney’s Session Laws of NY, 1978, p 1724.)
Should this court find that this respondent comes within the purview of subdivision 6 of section 353.5 of the Family Court Act the court has no discretion but to place this respondent with the Division for Youth for an initial period of five years. However, if subdivision 6 is not applicable then placement shall be for an initial period of three years.
The issue before this court appears to be one of first impression. This court must determine whether, in enacting subdivision 6 of section 353.5 of the Family Court Act, the Legislature intended that a prior felony act finding, which would have constituted a designated felony act but for the age of the respondent at the time of the commission of the prior act, form the basis for a term of placement for five years.
In oral argument before this court the Law Guardian urged that to interpret this statute in such a way would impose a grave injustice upon the respondent. It is the Law Guardian’s position that the age of a respondent is an integral part of the definition of a “designated felony act” and that this respondent did not, by definition, commit a prior designated felony act. Thus, a prior felony finding cannot now be considered a designated felony act for purposes of placement.
The Assistant District Attorney argued that the respondent’s prior felony finding for robbery in the second degree (Penal Law, § 160.10, subd 2, par [b]) comes within the *646 purview of this section. Such a finding would have constituted a designated felony act except for respondent’s age. It is the position of the Assistant District Attorney that the age factor contained in the definition of a “designated felony act” is jurisdictional only and that it was this particular situation that was contemplated by the Legislature in enacting subdivision 6 of section 353.5 of the Family Court Act.
“It is a-general rule in the interpretation of statutes that the legislative intent is primarily to be determined from the language used in an act, considering the language in its most natural and obvious sense.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 232.) In interpreting subdivision 6 of section 353.5 of the Family Court Act this court finds that the Legislature intended that a prior finding for an act which would have constituted a designated felony act, except for the respondent’s age at the time of the commission of the prior act, is precisely the kind of prior act envisioned by the Legislature in enacting subdivision 6.
Such a conclusion is inescapable since there can be no other reason for the insertion of the language “regardless of the age of such youth at the time of commission of such prior act”. This interpretation is gleaned not only from the ordinary meaning to be given such language, but also from the stated purpose of the Legislature in enacting this statute, to wit: to increase the dispositional alternatives available to the Family Court.
On the basis of the foregoing, it is ordered that the respondent be and hereby is placed for a period of five years in the custody of the New York State Division for Youth; that respondent is to be placed initially in a secure facility for a period of 18 months and in a residential facility for a period of 12 months, and it is further ordered that the respondent be remanded to the Commissioner of Juvenile Justice pending placement.

 The court, on the record, set forth specific findings of fact, pursuant to subdivision 2 of section 353.5 of the Family Court Act in determining that restrictive placement was required.