OPINION OF THE COURT
Jack Turret, J.
Respondent argues that this designated felony petition is jurisdictionally defective and must be dismissed. This delinquency proceeding was initially filed as a “non-designated felony” petition on March 19,1984. Subsequently, upon finding out that there had been a 1981 delinquency petition filed against this respondent which had resulted in an ACD,* the presentment agency filed a superseding petition charging the respondent with having committed a designated felony act (Family Ct Act, § 301.2, subd 8). This prior petition, filed under former article 7 of the Family Court Act charged respondent with having committed acts which constituted robbery in the second degree (Penal Law, § 160.10), assault in the second degree (Penal Law, § 120.05) and grand larceny in the third degree (Penal Law, § 155.30). There was a fact finding where respondent was found to have committed these acts, but no dispositional hearing or adjudication of delinquency. Rather, respondent was given an ACD.
The crux of the matter is whether respondent’s prior ACD (Family Ct Act, § 315.3) constitutes a “finding” under section *383 301.2 (subd 8, par [v]) of the Family Court Act so as to warrant this petition being considered as a designated felony petition. This court thinks not.
Section 301.2 (subd 8, par [v]) of the Family Court Act refers to: “a prior finding by a court that such person has previously committed an act which, if committed by an adult, would be the crime of assault in the second degree, robbery in the second degree or any designated felony act specified in paragraph (i), (ii), or (iii) of this subdivision regardless of the age of such person at the time of commission of the prior act”. Upon a superficial reading of this section, it would appear that the finding of fact made prior to the ACD in question would fall within the scope of this section. However, subdivision 5 of section 311.1 of the Family Court Act further mandates that affixing “[certified copies of prior delinquency findings shall constitute sufficient proof of such findings for the purpose of filing a designated felony petition” (emphasis added).
A juvenile delinquency proceeding is a bifurcated proceeding. After a finding of fact, before there can be a finding of juvenile delinquency, the court must determine whether a respondent is in need of supervision, treatment or confinement after a dispositional hearing (Family Ct Act, former § 752; § 352.1, subd 1). This is the functional equivalent of a conviction in the adult system though in actuality a finding of juvenile delinquency cannot be denominated a conviction (Family Ct Act, § 380.1). In respondent’s prior proceeding there was no “delinquency finding”, either under former article 7 or the present article 3 of the Family Court Act. Respondent’s prior proceeding never went to disposition.
In the adult system, an ACD is not an adjudication of guilt: “The granting of an adjournment in contemplation of dismissal shall not be deemed to be a conviction or an admission of guilt. No person shall suffer any disability or forfeiture as a result of such an order. Upon the dismissal of the accusatory instrument pursuant to this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution.” (CPL 170.55, subd 6.) In the analogous section on ACDs in the new article 3 of the Family Court Act, for whatever reason, the Legislature did not enact a similar subdivision (perhaps, because an adjudication of delinquency is not a conviction, supra). Though under subdivision 1 of section 303.1 of the Family Court Act, this court cannot apply the CPL herein, subdivision 2 of that section permits this court to “consider *384 judicial interpretations of appropriate provisions of the criminal procedure law to * * * assist the court in interpreting similar provisions of this article.” (Family Ct Act, § 303.1, subd 2.) In the case of Staebler v Supermarkets Gen. Corp. (105 Misc 2d 677), the court held an ACD is not an adjudication of guilt. Applying such an interpretation of the law to ACDs in juvenile delinquency proceedings is consistent with other provisions of article 3. Under section 375.1 (subd 2, par [c]) of the Family Court Act, an ACD is considered a termination of a delinquency action in favor of a respondent mandating a sealing of all the records. Interpreting CPL 160.50, the corresponding statute in the adult system, the Court of Appeals in Matter of Hynes v Karassik (47 NY2d 659, 662-663) found,
“[t]he statute serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation * * *
“The broad definition thus encompasses an expansive class of dispositions, including acquittal and various specified dismissals and vacaturs, regardless of whether premised on grounds unrelated to guilt or innocence (see CPL 160.50, subd 2).” Accepting the presentment agency’s interpretation of the law would have the opposite effect. Moreover, were a respondent with a prior ACD to take the stand or offer proof of his/her good character in a subsequent proceeding, the ACD could not be used for impeachment purposes (Family Ct Act, § 343.5).
To penalize an individual as suggested herein by the presentment agency for having received an ACD would constitute an injustice. It would serve to deter individuals from accepting ACDs. Even though the accusations made against them were not ultimately sustained as required by law with a finding of delinquency entered (Family Ct Act, § 352.1), respondents would be afraid that mere accusations could nevertheless be used against them in subsequent proceedings. Why then accept an ACD? Would not one be better off going to disposition and taking a chance that he/she will not be found to need supervision, treatment or confinement to receive the full benefit and protection of the law?
Accordingly, the term “designated felony act petition” shall be struck from the instant petition (Family Ct Act, § 311.1, subd 5), and the matter referred as to all other proceedings to the Honorable Kathryn McDonald on November 28, 1984, in Part III as per her direction dated October 5, 1984 (CPLR 2221).

 Adjournment in contemplation of dismissal.