OPINION OF THE COURT
Joan B. Lefkowitz, J.
This is a juvenile delinquency proceeding in which petitioner alleged in his petition that respondent committed a "designated felony act” pursuant to Family Court Act § 301.2 (8) (vi), on the ground that respondent committed a prior felony pursuant to two previously entered fact-finding orders. Respondent’s Law Guardian moved to dismiss the portion of the petition alleging the designated felony on the ground that *114 there had not been "two prior findings by the court that such person has committed a prior felony” (Family Ct Act § 301.2 [8] [vi] [emphasis added]). The presentment agency vigorously opposed the motion. The court rendered its oral decision on the record and this written decision incorporates that decision.
The presentment agency filed a petition alleging that respondent, while under the age of 16 years, committed acts which, if committed by an adult, would constitute the crimes of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree. The petition also alleged that the act committed by respondent was a "designated felony act” pursuant to Family Court Act § 301.2 (8) (vi), on the ground that there were two prior findings that respondent committed a prior felony.
Petitioner’s alleged bases for the prior felony were respondent’s admissions before this court on May 25, 1990 to the charges alleged in two petitions and the court’s adjudication that respondent committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree (Penal Law § 120.05 [2] [class D felony]) and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5] [class E felony]). As of the date of the filing of the designated felony petition, fact-finding orders with reference to each of these admissions had been entered, but the dispositional hearing had not yet been held. A certified copy of said orders was annexed to the petition (Family Ct Act § 311.1 [5]).
The issue to be determined is whether respondent’s admissions to the two charges on May 25, 1990 and the entry of fact-finding orders constitute "two prior findings” that respondent committed a prior felony, which would be sufficient to support the charge of a designated felony act as set forth in Family Court Act § 301.2 (8) (vi).
Family Court Act § 301.2 (8) (vi) does not define "prior findings”. It is therefore unclear which "finding” is necessary for the designation of "designated felony act”, i.e., whether it refers to the finding at the conclusion of the fact-finding hearing or the dispositional hearing. The Family Court Act requires that the court hold two hearings and make two findings in each juvenile delinquency proceeding. At the conclusion of the fact-finding hearing, the court must make a determination whether respondent committed an act which, if committed by an adult, would be a crime (Family Ct Act *115 §342.2 [2]). If the court makes such a determination, then a dispositional hearing is held. It is only at the conclusion of the dispositional hearing, if the court determines that respondent requires supervision, treatment or confinement, that the court enters a finding that respondent is a juvenile delinquent (Family Ct Act § 352.1 [1]). If, however, the court finds that respondent does not require supervision, treatment or confinement, then the petition must be dismissed (Family Ct Act § 352.1 [2]), and the file can be sealed (Family Ct Act § 375.1 [1]).
In Matter of Phillip L. (126 Misc 2d 382), the court considered whether a prior adjournment in contemplation of dismissal (ACD) resulting from a delinquency proceeding constituted a "finding” pursuant to section 301.2 (8) (v) of the Family Court Act (also a "designated felony act”). The court concluded that under section 375.1 of the Family Court Act, an ACD is considered a termination of a delinquency action in favor of a respondent mandating the sealing of all records, and is therefore not a "finding” for the purpose of a designated felony act.
Family Court Act § 311.1 (5) sets forth the necessary contents of a petition alleging a "designated felony act”. It requires that "[certified copies of prior delinquency findings shall constitute sufficient proof of such findings for the purpose of filing a designated felony petition” (emphasis added). This section clearly requires that the prior findings be "delinquency” findings which can only be made at the conclusion of the dispositional hearing.
As a result of the lack of clarity and ambiguity regarding the issue of the "prior finding”, the court referred to the "second felony offender” statute (Penal Law § 70.06), which is analogous to Family Court Act § 301.2 (8) (vi). Subdivision (1) (b) (ii) of section 70.06 provides that for the purpose of determining whether a prior conviction is a predicate felony conviction, "[sjentence upon such prior conviction must have been imposed before commission of the present felony” (emphasis added).
It is clear that a necessary prerequisite to the filing of a "designated felony act” petition pursuant to Family Court Act § 301.2 (8) (vi) is that respondent have two prior delinquency findings which finding can only be made after the dispositional hearing (which is akin to a sentence). The court must therefore reject petitioner’s argument that the admissions and *116 entry of two fact-finding orders constituted "two prior findings” against respondent which satisfy the requirement of Family Court Act § 301.2 (8) (vi). To hold otherwise would have the effect of adjudicating respondent as a juvenile delinquent prior to the dispositional hearing. This result would clearly be inequitable and contrary to law (Family Ct Act § 352.1).
Accordingly, under all of the facts and circumstances here present, the motion of the Law Guardian is granted, and the term "designated felony act”, and the designated felony docket number are hereby stricken from the petition (Family Ct Act § 311.1 [5]).