■ In the Matter of BRYAN JJ., Alleged to be a Juvenile Delinquent, Appellant. CITY ATTORNEY OF THE CITY OF SARATOGA SPRINGS, Respondent.—Harvey, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered September 13, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent's father petitioned Family Court in January or February 1990 to adjudicate respondent, who was born on May 24, 1974, a person in need of supervision (hereinafter PINS). Following a hearing, respondent was placed at Berkshire Farm Center and Services for Youth detention center for various evaluations. Before the PINS petition was determined, however, respondent absconded from the detention center grounds. A warrant was issued for his arrest on March 9, 1990 and he was taken into police custody the next day. Respondent escaped from police custody "by jumping out of a police car, which resulted in a foot chase by police officers", before he was recaptured. Petitioner thereafter filed a petition dated March 12, 1990 seeking to adjudicate respondent a juvenile delinquent on the ground that he had perpetrated an act which, if committed by an adult, constitutes the crime of escape in the third degree under Penal Law § 205.05.

Thereafter, following a hearing, respondent was apparently adjudicated a PINS on March 30, 1990 and placed in the care and custody of the Department of Social Services for 12 months. A hearing on the juvenile delinquent petition was conducted on May 10, 1990 and evidence concerning respondent's escape and recapture was taken. Respondent's counsel offered no evidence on his behalf. At the close of proof, Family Court denied respondent's motion to dismiss the petition and scheduled a dispositional hearing for June 15, 1990. At that hearing, the Probation Department's recommendation of an adjournment in contemplation of dismissal was rejected by respondent's Law Guardian and a hearing was ordered to take proof on the question of an appropriate disposition. Following this and other hearings, Family Court ultimately found respondent to be a juvenile delinquent and conditionally discharged him. Respondent now appeals.

We affirm. In our view, Family Court properly adjudged respondent to be a juvenile delinquent. Family Court correctly rejected respondent's argument that the juvenile delinquent

petition against him was an improper "bootstrapping" of a PINS matter into a delinquency charge. Unlike the situations presented in *Matter of Freeman* (103 Misc 2d 649) and *Matter of Sylvia H.* (78 AD2d 875), respondent here was not adjudicated a juvenile delinquent because he escaped from a nonsecured facility, but rather because he escaped from police custody after being apprehended pursuant to a warrant in direct violation of Penal Law § 205.05. Clearly, the act of escaping from a uniformed police officer after he had been placed under arrest and fleeing through the streets to evade his pursuers is a far graver situation than one involving simply leaving a nonsecure facility. As petitioner aptly notes, the latter situation only puts the escapee at risk while the former also exposes members of the community and the arresting officers to potential harm *(see, Matter of Freeman, supra,* at 652; *see also, State in Interest of S.,* 73 NJ 238). Accordingly, respondent "committed an act that would constitute a crime if committed by an adult" (Family Ct Act § 301.2 [1]).

As for respondent's assertion that petitioner failed to present evidence that he required "supervision, treatment or confinement" in accordance with Family Court Act § 352.1, this argument too must fail. Petitioner presented sufficient evidence of respondent's ongoing lack of cooperation with the program at the detention facility, including proof that respondent had run away at least twice since being adjudicated a PINS on March 30, 1990. As a result, he risked being removed from the Berkshire facility in which case "none of the private facilities [the Saratoga County Department of Social Services worked with] would take a chance with [respondent]". The evidence indicated that it would be easier to place him as a juvenile delinquent than as a PINS. Significantly, the fact that respondent's behavioral problems continued after he was determined a PINS indicates that the supervision he was receiving was not sufficient. Given this information and other evidence of respondent's history, it is our view that Family Court properly adjudicated respondent a juvenile delinquent. The court sufficiently considered, as it was required to do, "the needs and best interests of the respondent as well as the need for protection of the community" (Family Ct Act § 301.1).

Casey, J. P., Weiss, Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.