■ HOLYOKE MUTUAL INSURANCE COMPANY, Appellant, v JASON B. et al., Respondents.—In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants Jason B., Ernest B., and Pauline B. in an action brought against them by the defendants Dennis

Doolin and Lori Doolin, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 12, 1990, which, *inter alia,* denied its motion for summary judgment.

Ordered that the order is affirmed, with costs to the respondents Dennis Doolin, and Lori Doolin, payable by the appellant.

The incident which gave rise to this declaratory judgment action occurred on April 19, 1988. On that day, 14-year-old Jason B., a student at a BOCES school who is described as being "emotionally handicapped", refused to remove his hand, preventing his special education teacher, the defendant Dennis Doolin, from closing a door to his classroom. When Doolin sought to remove Jason's hand, Jason grabbed Doolin's neck, picked him up by the neck, and shook him. Upon putting him down, Jason rammed his head into Doolin's stomach, causing Doolin to be knocked into a wall.

Doolin reported the incident to the police and to the County Attorney. A petition was brought in Family Court seeking to have Jason adjudicated a juvenile delinquent, on the ground that Jason committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree. The petition indicated that a person commits that crime when, "with intent to cause injury to a person [he] caused such injury to such person or a third person" (Penal Law § 120.00 [1]). The petition was subsequently amended to have Jason declared a person in need of supervision. Jason appeared in Family Court and admitted the charges. He was placed on probation for one year and directed to perform 40 hours of community service.

Subsequently, Doolin and his wife commenced a personal injury action against Jason and his parents, Ernest B. and Pauline B. The plaintiff Holyoke Mutual Insurance Company is the insurance carrier of the B. family under a homeowner's policy. Holyoke initially undertook their defense. It then had Jason's mother Pauline execute an authorization pursuant to which it could obtain copies of Jason's records from the Family Court for the express purpose of "evaluation of an insurance claim" and to "properly defend this case of behalf of" the B. family in the underlying action.

Thereafter, Holyoke commenced this action seeking a declaration that it has no obligation to defend or indemnify the B. family in the underlying action, because the Family Court records show that Jason's conduct was intentional, and that

bodily injuries caused intentionally are excluded from coverage under the policy. It asserts that the B. family is collaterally estopped from relitigating the issue of intent. Thereafter, Holyoke moved for summary judgment based on the grounds set forth above.

The Supreme Court denied the motion, noting that Family Court proceedings are not criminal proceedings; that the Family Court Act expressly precludes the admission into evidence of any confession, admission, or statements made before the Family Court in any other court; that the carrier broadened the use of the signed authorization without permission from the signer, Pauline B.; and that even if it is assumed that the conduct of Jason was intentional, it cannot thereby be concluded that the alleged injuries were intentionally caused.

We note that the motion was properly denied, since it was made prior to joinder of issue by the B. family (see, *Miller v Nationwide Mut. Fire Ins. Co.,* 92 AD2d 723; *Milk v Gottschalk,* 29 AD2d 698).

Family Court Act § 380.1 (3) provides that "[e]xcept where specifically required by statute, no person shall be required to divulge information pertaining to the arrest of the respondent or any subsequent proceeding under this article". Thus, while the homeowner's policy placed an obligation on the insureds to cooperate with the carrier in the investigation of the claim, Pauline B. could still have refused to sign the authorization if Holyoke had expressly conveyed to her that it would use the Family Court records against Jason's interest. Pursuant to Family Court Act § 380.1 (3), such a refusal by Pauline B. could not result in a breach of the obligation to cooperate and, therefore, Holyoke could not have terminated the insurance contract on that ground.

Furthermore, an adjudication under Family Court Act article 3 may not be denominated a conviction and no person adjudicated a juvenile delinquent shall be denominated a criminal by reason of that adjudication (Family Ct Act § 380.1 [1]). "Neither the fact that a person was before the family court under this article for a hearing nor any confession, admission or statement made by him to the [family] court or to any officer thereof in any stage of the proceeding is admissible as evidence against him or his interests in any other court" (Family Ct Act § 381.2 [1]).

From the foregoing, it is clear that neither the petition, amended petition, or the order of adjudication and disposition

could be admitted in this action as evidence against Jason or his interests *(see, Dukes v New York City Hous. Auth.,* 63 AD2d 690). By virtue of the above-quoted provisions of the Family Court Act, the Supreme Court properly refused to apply the doctrine of collateral estoppel in this case. We note that *D'Arata v New York Cent. Mut. Fire Ins. Co.* (76 NY2d 659), which is cited by Holyoke, is clearly distinguishable. In that case, the son of the insured, during a robbery, shot an individual who brought the underlying action. The son of the insured was an adult and was prosecuted and convicted of assault in the first degree (intentional assault). In the instant case, the Family Court proceeding was not a "criminal" proceeding, there was no "conviction", and the evidence adduced at the proceeding is precluded by statute from being admitted as evidence in any other court against the interests of the juvenile. Thus, *D'Arata* is not applicable.

Nor does public policy require that summary judgment be granted in this case. While public policy prohibits indemnification for punitive damages *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392), it does not prohibit indemnification for compensatory damages, and the mere fact that a cause of action in the underlying complaint seeks punitive damages provides no ground for granting summary judgment.

The court properly granted the cross motion by the B. family to permit them to serve a late answer to Holyoke's complaint. The affidavit submitted in support of the cross motion indicates that the B. family was under the mistaken impression that the law firm retained by Holyoke to represent them in the underlying action would also represent them in this declaratory judgment action. This is a reasonable excuse. Jason's affidavit is, in essence, an affidavit of merit in that it denies that he intentionally inflicted the injuries complained of. Since the delay in serving an answer has not resulted in prejudice to Holyoke, the court properly granted the cross motion.

Upon service of an answer by the B. family, Holyoke may renew its motion if it can make a showing, independent of the Family Court records, that the injuries alleged in the complaint fall exclusively within the exclusionary provisions of the insurance policy. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.