OPINION OF THE COURT
Mary E. Bednar, J.
I
By petition filed on October 24, 1996, respondent is alleged *243 to have committed acts which, were he an adult, would constitute the crimes of escape in the first degree (Penal Law § 205.15), escape in the second degree (Penal Law § 205.10 [1], [2]), and escape in the third degree (Penal Law § 205.05).[1]
The petition alleges that by order of the Family Court, Bronx County (Marjory D. Fields, J.), dated August 26, 1996, respondent was adjudicated a juvenile delinquent (see, Family Ct Act § 352.1 [1]), and placed in the custody of the New York State Division for Youth for a period of up to 18 months upon the court’s finding that he had committed a felony (see, Family Ct Act § 353.3 [1]; § 353.5 [5]; Executive Law § 507-a [1] [a]). In accordance with the Family Court’s order of disposition, the Division for Youth placed the respondent with the Berkshire Farm[2] facility for a period of up to six months (see, Family Ct Act § 353.3 [4], [9]; see also, Social Services Law §§ 472-k, 472-m).[3]
The petition further alleges that, on October 9, 1996, while respondent was placed with the Division for Youth and in the custody of Berkshire Farm (see, Social Services Law § 472-m), he was transported to the New York County Family Court by *244 Berkshire Farm staff members, in accordance with a court order, so that he could be present for an initial appearance upon a juvenile delinquency petition (see, Family Ct Act § 320.1), arising out of an incident which occurred in July 1996, where it is alleged that respondent committed acts which would constitute, inter alia, grand larceny in the fourth degree (Penal Law § 155.30), a class E felony.
According to a supporting deposition by Staley B. Keith, an employee of Berkshire Farm, he and other staff members arrived at the New York County Family Court building on the morning of October 9, 1996. Shortly after their arrival, respondent requested breakfast and Mr. Keith escorted him from the building to a sidewalk vendor who was located in front of the courthouse. Then Mr. Keith and the respondent reentered the courthouse and "the Respondent and I stood side by side as we waited on line to enter the metal detectors. I momentarily turned my back on the Respondent * * * [w]hen I turned around to address the Respondent, I saw him standing in a doorway of the courthouse and instructed him to get back on line. I turned my back on him again momentarily and, seconds later, when I turned around again, the Respondent had vanished.” Mr. Keith further states that "Respondent did not return to Manhattan Family Court that day, nor did he return to Berkshire Farms voluntarily.”
Following respondent’s return to the custody of Berkshire Farm, this petition charging him with escape was filed.
Respondent has moved for dismissal of the four escape counts on the ground that the counts are jurisdictionally defective, and that the allegations in the petition demonstrate that the Family Court does not have jurisdiction over the escape charges. Respondent contends that Berkshire Farm is not a "detention facility” within the meaning of Penal Law § 205.00 (1); that he has never been charged with or convicted of a felony, nor has he been arrested for, charged with, or convicted of, a class C, D or E felony. Respondent further alleges that he did not escape from "custody”, as that term is defined by Penal Law § 205.00 (2), on October 9, 1996.
The presentment agency contends that because respondent was placed in the custody of the Division for Youth on October 9, 1996, his escape from the control of the staff members from Berkshire Farm at the Family Court building was both an escape from a "detention facility”, as well as an escape from "custody”. The presentment agency further states that respondent’s appearance at the New York County Family *245 Court on October 9, 1996, was in connection with a charge for a class E felony arising out of the July 1996 incident.
II
A person may be adjudicated a juvenile delinquent where it is determined that he or she has committed an act which, were it committed by an adult, would constitute a crime (see, Family Ct Act § 301.2 [1]; § 345.1 [1]; Matter of Thomas RR., 64 NY2d 1062, 1063). However, certain offenses[4] defined by the Penal Law are expressly excluded from the Family Court’s juvenile delinquency jurisdiction (see, Matter of Anna "AA”, 36 AD2d 1001 [harassment]; Matter of Kevin G., 71 Misc 2d 312 [fourth degree criminal trespass (now Penal Law § 140.05)]; Matter of Christopher B., 122 Misc 2d 377 [disorderly conduct]; Matter of Charles M., 143 AD2d 96 [disorderly conduct]), and other offenses, although crimes,[5] are excluded by the nature of the crime and its constituent elements (see, Matter of Natasha C., 80 NY2d 678 [bail jumping offenses are inapplicable to juvenile delinquents]; cf., People v Holmes, 220 AD2d 109 [juvenile offenders may be charged with bail jumping]).
The question therefore, is whether the Legislature has intended that any of the grades of the crime of escape apply to persons like respondent, who are alleged to be or have been adjudicated juvenile delinquents. If it appears that one or more of the escape crimes applies to such juveniles, it must be determined whether each count sets forth a prima facie case of respondent’s commission of that crime.
III
In order for each count of a juvenile delinquency petition to meet the test of jurisdictional sufficiency, there must be non-hearsay allegations that establish, if true, every element of the offense charged and the respondent’s commission of the offense (see, Family Ct Act § 311.2 [3]; Matter of Jahron S., 79 NY2d 632, 639; Matter of Rodney J., 83 NY2d 503, 507; Matter of Wesley M., 83 NY2d 898, 899).
The rationale for the statutory requirement that the petition and each of its counts set forth a prima facie case is to "assure that there exists a sound and supportable basis for subjecting the accused to a trial” (Matter of Edward B., 80 NY2d 458, 464 *246 [citation omitted]), given that there is no independent review of the evidence prior to the filing of the juvenile delinquency petition (see, Matter of Edward B., 80 NY2d, at 464, supra; Matter of Rodney J., 83 NY2d, at 506, supra; see also, Matter of Detrece H., 78 NY2d 107, 110).
Under the facts of this case, as alleged in the petition, the presentment agency cannot establish that respondent committed an act which, were he an adult, would constitute the crime of escape in the first degree. Moreover, the elements of this crime indicate that it is inapplicable to juvenile delinquents.
Insofar as relevant, Penal Law § 205.15 provides:
"A person is guilty of escape in the first degree when:
"1. Having been charged with or convicted of a felony, he escapes from a detention facility”.
The crime of escape in the first degree under Penal Law § 205.15 (1) is comprised of two elements: (i) that the accused have been charged with or convicted of a felony, and (ii) that the accused escape from a detention facility. The first element, which is a necessary predicate for the second element, cannot be established by the presentment agency in this proceeding.
Respondent’s prior adjudication as a juvenile delinquent by the Bronx County Family Court does not constitute a "conviction” for a felony, although he was found to have committed acts which would have constituted a felony but for his age (see, Family Ct Act § 380.1 [1]; Matter of Andre B., 215 AD2d 159, 160; Holyoke Mut. Ins. Co. v Jason B., 184 AD2d 550, 552; see also, People v Gray, 84 NY2d 709, 715 [Levine, J., concurring]). Moreover, although respondent was being produced at the New York County Family Court on October 9, 1996 in connection with a juvenile delinquency petition which contained an allegation that he committed an act which would, but for his age, constitute a felony, because juvenile delinquents are not "charged” with felonies, but rather are alleged to have committed acts which were they an adult, would constitute a felony, there can be no finding that respondent was "charged with a felony” on the date he allegedly escaped (see, Matter of Natasha C., 80 NY2d, at 681, supra; People v Gray, 84 NY2d, at 715, supra).
Therefore, because count one is jurisdictionally defective, and because it is clear that the Legislature has not intended that the crime of escape in the first degree under Penal Law § 205.15 (1) apply to juvenile delinquents, that count is dismissed (see, Family Ct Act § 315.1 [1] [a], [b]; Matter of Natasha C., 80 NY2d, at 681, supra).
*247 Count two of the petition alleges that respondent has committed an act which, were it committed by an adult, would constitute the crime of escape in the second degree under Penal Law § 205.10 (1), which reads, insofar as pertinent:
"A person is guilty of escape in the second degree when:
"1. He escapes from a detention facility”.
This crime is committed by escaping from a detention facility. "Escape” means to get away, break away, or get free (see, People v Hutchinson, 56 NY2d 868, 870), and the crime is completed when the actor escapes from a "detention facility”, which is defined, inter alia, as "any place used for the confinement, pursuant to an order of a court, of a person * * * (b) charged with being or adjudicated a youthful offender, person in need of supervision or juvenile delinquent” (Penal Law § 205.00 [1] [b]).
Here, respondent was adjudicated a juvenile delinquent and placed with the Division for Youth for placement with Berkshire Farm for a minimum period of six months. By definition, Berkshire Farm is a place used for the confinement of adjudicated juvenile delinquents (see, Social Services Law § 472-k).
Berkshire Farm is a "nonsecure” facility, inasmuch as it is a facility used for the placement of both juvenile delinquents and persons in need of supervision (see, Social Services Law § 472-k; Family Ct Act § 712 [d]; § 720 [2], [3]; see also, Matter of Bryan JJ., 175 AD2d 416). With respect to the crime of escape, courts have consistently held that escape from a nonsecure facility does not constitute escape from a detention facility (see, People v Ortega, 69 NY2d 763 [defendant committed to nonsecure psychiatric facility upon being found not responsible for crimes by reason of mental disease or defect]; Matter of Freeman, 103 Misc 2d 649 [alleged person in need of supervision remanded to a nonsecure agency boarding home]; Matter of Sylvia H., 78 AD2d 875 [person in need of supervision placed in nonsecure facility]; Matter of Bryan JJ., supra [alleged person in need of supervision remanded to Berkshire Farm]). Thus, it is not clear that the Legislature intended that the crime of escape in the second degree under Penal Law § 205.10 (1) apply to alleged or adjudicated juvenile delinquents placed in nonsecure facilities.
Additionally, because there are no factual allegations establishing that respondent actually escaped from the Berkshire Farm facility, count two is jurisdictionally defective (see, People v Sharland, 130 AD2d 819 [escape from work gang work *248 ing outside of correctional facility is not escape from detention facility]; cf., People v Blank, 87 AD2d 947 [escape from grounds of correctional facility]). The lobby of the Family Court building is not part of the Berkshire Farm facility.
Accordingly, count two is dismissed as jurisdictionally defective and because it is not clear that the Legislature intended the crime of escape in the second degree under Penal Law § 205.10 (1) apply to juvenile delinquents.
Count three of the petition alleges that respondent committed an act which, were he an adult, would constitute the crime of escape in the second degree under Penal Law § 205.10 (2), which reads, insofar as pertinent:
"A person is guilty of escape in the second degree when: * * *
"(2) Having been arrested for, charged with or convicted of a class C, class D or class E felony, he escapes from custody”.
This crime is comprised of two elements, the first of which is a necessary predicate for the second. Although the respondent was adjudicated a juvenile delinquent by the Bronx County Family Court by reason of his commission of acts which, but for his age, would constitute two class E felonies, it cannot be established that respondent was ever convicted of those felonies (see, Family Ct Act § 380.1 [1]; Matter of Andre B., 215 AD2d, at 160, supra; Holyoke Mut. Ins. Co. v Jason B., 184 AD2d, at 552, supra; People v Gray, 84 NY2d, at 715, supra).
In addition, although respondent was arrested for, and a juvenile delinquency petition filed alleging, the commission of a class E felony in July 1996, respondent was not actually arrested for the commission of that felony, which he could not be held responsible for by reason of his infancy (see, Penal Law § 30.00 [1]), nor did the petition allege that respondent committed the felony of grand larceny in the fourth degree. Rather, respondent was arrested, and a petition filed, based upon an allegation of juvenile delinquency (see, Matter of Natasha C., 80 NY2d, at 681-682, supra).
Therefore, because count three is jurisdictionally defective, and because it does not appear that the Legislature intended that the crime of escape in the second degree under Penal Law § 205.10 (2) apply to juvenile delinquents, the count is dismissed.[6]
Count four of the petition alleges that respondent committed an act which, were he an adult, would constitute the *249 crime of escape in the third degree under Penal Law § 205.05, which reads: "A person is guilty of escape in the third degree when he escapes from custody.” Penal Law § 205.00 (2) defines "custody” as "restraint by a public servant pursuant to an authorized arrest or an order of a court.” On October 9, 1996, while respondent was placed with the Division for Youth he was in the custody of Berkshire Farm pursuant to Family Court’s order of disposition (Family Ct Act § 353.3 [4], [9]; Social Services Law §§ 472-k, 472-m). Thus, there are no allegations which establish that respondent escaped from restraint by a public servant on that date. There is no indication that the employees of Berkshire Farm are public servants within the meaning of Penal Law § 10.00 (15),[7] or that they are employees or agents of the Division for Youth (see, e.g., People v Mesa, 188 AD2d 688, lv denied 81 NY2d 844 [State correction officers same as Correction Department with respect to charge of escape]).[8]
While an alleged or adjudicated juvenile delinquent may be subjected to juvenile delinquency proceedings based upon an allegation that he or she committed an act which would constitute escape in the third degree, in this case, there are no factual allegations supporting that offense. Therefore, count four is dismissed as jurisdictionally defective.
In light of the above, the petition is dismissed for the reasons stated herein.

. Counts one and two of the petition, charging escape in the first degree (Penal Law § 205.15) and escape in the second degree (Penal Law § 205.10 [2]), have been denominated as "designated felony acts” by the presentment agency, which alleges that there are two prior findings that the respondent has committed a felony (see, Family Ct Act § 301.2 [8] [vi]; Matter of Manuel R., 227 AD2d 355; Matter of Dwayne R., 124 Misc 2d 644, affd 116 AD2d 1047, appeal dismissed 68 NY2d 633; Matter of Jose C, 148 Misc 2d 113).

. "Berkshire Farm” is formally known as "Berkshire Farm Center and Services for Youth” (Social Services Law § 472-e).

. Pursuant to Family Court Act § 353.3 (1), the Family Court may place a respondent in the custody of the Commissioner of Social Services or the State Division for Youth. Where the respondent is placed with the Commissioner of Social Services, the court may direct the Commissioner to place him or her with an authorized agency or class of agencies (see, Family Ct Act § 353.3 [2]; Matter of D. J., 102 Misc 2d 701; Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 353.3, at 531; 12C Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, Family Court Proceedings, § 70.10 [1] [b]). Similarly, where the court places the respondent with the Division for Youth, the court may direct that the Division place him or her with an authorized agency or class of agencies (see, Family Ct Act § 353.3 [4]; Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 353.3, at 533; 12C Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, Family Court Proceedings, § 70.10 [1] [c]). In addition where, as here, the court finds that the respondent has committed a felony, the court may order that the respondent be confined in a residential facility for a period not to exceed six months (Family Ct Act § 353.3 [9]).

. An "offense” is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this State (Penal Law § 10.00 [1]).

. A "crime” is a misdemeanor or a felony (Penal Law § 10.00 [6]). Crimes are also offenses (see, Penal Law § 10.00 [4], [5]).

. Although respondent may not be adjudicated a juvenile delinquent based upon allegations that he committed acts which would constitute escape *249 in the first or second degree, this does not mean that there are no consequences for a juvenile’s unauthorized absence from a placement facility. Pursuant to Executive Law § 510-b (7), where a child is absent from a placement facility or agency, "the absence shall interrupt the calculation of the time of such placement * * * and such interruption shall continue until the return of the child to the facility or authorized agency”.

. Berkshire Farm is a corporation which possesses the general powers and is subject to the general restrictions and liabilities of incorporated charitable institutions (see generally, Not-For-Profit Corporation Law).

. Penal Law § 10.00 (15) defines a "public servant” as "(a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee. The term public servant includes a person who has been elected or designated to become a public servant”.