OPINION OF THE COURT
Richard V. Hunt, J.
*181 The matter before the court is a petition alleging that the above-named respondent, Kimberly A. P., is a juvenile delinquent in that she committed acts which, if committed by an adult, would constitute the crimes of escape in the second degree as defined by section 205.10 of the Penal Law, a class E felony; and criminal contempt in the second degree as defined by section 215.50 (3) of the Penal Law, a class A misdemeanor. At issue for this decision is a motion filed on behalf of the respondent by the Law Guardian for summary judgment in that the petition fails to state a cause of action.
The respondent has previously been adjudicated a person in need of supervision (PINS) by order of this court dated January 2, 1996, was placed in foster care through the PINS proceeding, and has had her placement extended through January 21, 1999, by order of this court dated December 23, 1997.
The respondent has allegedly been AWOL under her PINS placement a number of times since April 15, 1998, leading the County Attorney’s Office, as the presentment agency, first to request a warrant and subsequently to file the pending juvenile delinquency petition at issue for this decision. The County Attorney’s Office has filed petitions alleging that the respondent fengaged in juvenile delinquent behavior in that on or about May 20, 1998, at approximately 11:52 p.m., the respondent escaped from a detention facility in that the respondent did leave the Jefferson County Non-Secure Detention Facility without permission after having been placed there by order of the Family Court dated May 19, 1998, as a person in need of supervision, which act if committed by an adult would constitute the crime of escape in the second degree as defined by section 205.10 of the Penal Law, a class E felony, and further that, on or about May 20, 1998, at approximately 11:52 p.m., the respondent did engage in conduct involving intentional disobedience or resistance to the lawful process or mandate of a court in that the respondent did leave the Jefferson County Non-Secure Detention Facility without permission after having been placed there by order of the Family Court dated May 19, 1998, and said order having been issued in the presence of the respondent, which act if committed by an adult would constitute the crime of criminal contempt in the second degree as defined by section 215.50 (3) of the Penal Law, a class A misdemeanor.
The crime of escape in the second degree as defined by section 205.10 of the Penal Law, a class E felony, states that:
“A person is guilty of escape in the second degree when:
*182 “1. He escapes from a detention facility; or
“2. Having been arrested for, charged with or convicted of a class C, class D or class E felony, he escapes from custody; or
“3. Having been adjudicated a youthful offender, which finding was substituted for the conviction of a felony, he escapes from custody.”
Criminal contempt in the second degree as defined by section 215.50 (3) of the Penal Law, a class A misdemeanor, is defined as:
“A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct * * *
“3. Intentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law.”
The court notes the case law set forth in Matter of Sylvia H. (78 AD2d 875 [2d Dept 1980]), Matter of Freeman (103 Misc 2d 649 [Fam Ct, Onondaga County 1980]), People v Ortega (69 NY2d 763 [1987]), and Matter of Joe A. (171 Misc 2d 241 [Fam Ct, NY County 1996]), which have held that a PINS held in nonsecure placement is not in detention and therefore cannot be adjudicated of escape for escaping from the nonsecure facility.
The court takes notice that a warrant had previously been issued after the respondent fled from placement at the Jefferson County Children’s Home and that the warrant was recalled after her capture and placement at the Non-Secure Detention Facility on or about May 19, 1998. The juvenile delinquency allegations in this petition pertain to her flight from the Jefferson County Non-Secure Detention Facility on or about May 20, 1998. The court notes that in this case, the respondent allegedly fled from police who were trying to execute on this second warrant, and was not captured until two days later.
The court further notes the decision of the Third Department in Matter of Bryan JJ. (175 AD2d 416 [3d Dept 1991]), in which case the respondent was placed at Berkshire Farm Center and Services for Youth while proceedings were pending to adjudicate the respondent a person in need of supervision. Before the PINS proceeding was finalized, the respondent absconded and a warrant was issued. Thereafter, he was taken into police custody on the warrant and subsequently escaped by jumping from the police car, and was chased on foot by the officers before he was recaptured. A juvenile delinquency peti *183 tion was subsequently filed against the respondent for the escape charge, and he was adjudicated a juvenile delinquent. The Appellate Division distinguished the situations in Matter of Freeman (103 Misc 2d 649 [Fam Ct, Onondaga County 1980], supra) and Matter of Sylvia H. (78 AD2d 875 [2d Dept 1980], supra), and upheld an adjudication of the respondent as a juvenile delinquent, based not on his escape from the nonsecure detention facility, but based on his escape from police custody after being apprehended pursuant to a warrant. The Third Department concluded that this situation put not only the escapee at risk, but also exposed members of the community and the arresting officers to potential harm. In that case the charge was escape in the third degree for escaping from custody. (Matter of Bryan JJ., 175 AD2d, supra, at 416, 417.)
While this court is of the opinion that the repeated running away by a PINS requires a stronger response than is apparently currently allowed by case law and statute as to the escape charges, the court feels bound by the ruling in Matter of Sylvia H. (78 AD2d 875 [2d Dept 1980], supra), and therefore the charge of escape in the second degree as defined by section 205.10 of the Penal Law, a class E felony, is dismissed without prejudice, and the presentment agency is free to refile if it so chooses as is set forth in this decision.
The court further notes that, in regard to the charge of criminal contempt in the second degree as defined by section 215.50 (3) of the Penal Law, the court found nothing to indicate that such a charge could not be utilized in the current scenario. Further, the petition, if provable, alleges sufficient grounds under the statute to show intentional disobedience or resistance to the lawful process of the court so as to withstand a motion to dismiss for failure to state a cause of action. The petition alleges that the respondent, despite being placed at the Jefferson County Non-Secure Detention Facility by order of this court dated May 19, 1998, left that facility without permission. Viewing the charge and the allegations, it is the decision of this court that the petition alleges sufficient facts appropriate to the charge to proceed to a hearing.
The court is therefore of the opinion that there are not sufficient grounds to proceed to a hearing as charged as to whether the respondent committed acts which, if committed by an adult, would constitute the charge of escape in the second degree as defined by section 205.10 of the Penal Law, a class E felony, and therefore that count is dismissed without prejudice. The court has found, however, that the remaining count of criminal *184 contempt in the second degree as defined by section 215.50 (3) of the Penal Law does state a cause of action against the respondent and therefore the petition continues on that count only.