### JACOB v. COLUMBIA STORAGE WAREHOUSES.

(Supreme Court, Appellate Division, First Department.   April 24, 1908.)

1. COURTS—MUNICIPAL COURTS—JURISDICTION—PROPERTY SOLD CONDITIONALLY.

Municipal Court Act, Laws 1902, p. 1533, c. 580, § 139, provides that no action shall be maintained in the Municipal Court of New York on a written contract of conditional sale of personal property, except an action to foreclose the lien thereon. Plaintiff, the assignee of a contract for the conditional sale of a piano, had established a lien on it in an action against the buyer, who had stored the piano with defendant, a warehouseman, and taken a receipt therefor, and in that action had obtained a judgment directing the sale of the piano to satisfy the lien and the payment of the surplus to the clerk of the court for the owner's benefit. Afterwards he brought this action in the Municipal Court against defendant for conversion of the piano. *Held*, that the action was on the contract of conditional sale of personal property, and the Municipal Court was without jurisdiction.

2. JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.

The judgment in the former action, finding the buyer of the piano to be the owner and giving plaintiff a lien thereon, was res judicata upon the subject of ownership, and precluded plaintiff from claiming possession of the piano as owner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1251.]

Appeal from Appellate Term.

Action for conversion by C. Albert Jacob against the Columbia Storage Warehouses. From a determination of the Appellate Term (55 Misc. Rep. 268, 105 N. Y. Supp. 276), reversing a judgment of the Municipal Court for plaintiff, he appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Wentworth, Lowenstein & Stern (Louis Lowenstein, of counsel), for appellant.

Simpson & Simpson (C. D. Weaver, of counsel), for respondent.

CLARKE, J.   The plaintiff is the assignee of the Apollo Company. The complaint alleges that the plaintiff is the owner and entitled to the possession of a designated piano, of the value of $500; that between the 13th of June, 1906, and the 22d day of June, 1906, the said piano was in the possession of the defendant; that the plaintiff duly demanded of the defendant delivery of said piano, but the defendant failed, neglected, and refused to deliver the same, and has converted the same to its own use, to the plaintiff's damage in the sum of $500. The answer alleged that the defendant is a storage warehouse, and as such was in possession of the goods and chattels mentioned in the complaint; that said goods and chattels were deposited for storage by one Mary E. Williams; that defendant issued its receipt therefor to her,

and holds the property as a depository of said Mary E. Williams, who is, as defendant is informed and believes, the owner and entitled to possession thereof.

An agreement was received in evidence, dated the 19th of October, 1904, which was conceded to have been duly filed between the Apollo Company and Mary E. Williams, which substantially reads as follows:

"This certifies that I have this day hired of the Apollo Company one piano [identifying it], of the value of $500, for which I agree to pay the balance in installments of $10 per month in advance, or sooner at my option, with 5% interest, payable monthly. This agreement to be a hiring contract only, until I pay for the instrument in full, and they give me a receipted bill therefor; the instrument to remain, meanwhile, their property absolutely, and I have no title to or interest in the same. I shall not, without the written consent of the Apollo Company, sell, lease, mortgage, or make any other disposition of said instrument, or any interest therein, nor secrete nor remove it, or cause it to be removed, from the premises now occupied by the purchaser, No. 162 West 80th St., New York City. If default shall be made in such payments, or any of them, or in case of any breach of the agreement herein set forth, on the part of the purchaser, or any of them, or in case said piano shall become subject to any levy by any officer, or come into the possession of any other person than the purchaser, or if for any other reason the firm shall deem itself insecure, then and in any such event the Apollo Company may take and retain possession of said instrument, and the amount previously paid by the purchaser shall be deemed to have been paid as the agreed value of the use thereof up to that time. It is also agreed that upon the due payment in full, as aforesaid, from date of this agreement, and only upon that condition, the Apollo Company will thereupon sell such instrument to me for said price, and give me a receipted bill therefor."

The defendant offered in evidence a judgment of the Municipal Court dated May 1, 1906, in an action brought by the plaintiff against Mary E. Williams, as follows:

"I find that the plaintiff herein has a lien on one certain piano [identifying it, being the same piano named in the contract and in the complaint in the action for conversion herein] for the sum of $295, and render judgment for the plaintiff for the amount thereof, to wit, $295 damages, besides $13 costs, and direct that the officer to whom execution herein may be directed sell the chattel hereinbefore mentioned and satisfy said lien and the costs, and that the proceeds of such sale, less his fees and expenses, be applied to the payment of said lien and the costs of this action, and that any surplus money received therefrom be paid to the clerk of this court for the benefit of the owner, if the safe-keeping thereof is necessary."

The question at issue is whether the Municipal Court had jurisdiction of the subject-matter of this action. Article 4 of the Municipal Court act (chapter 580, p. 1532, of the Laws of 1902), in section 137, provides that an action may be maintained in the Municipal Court to foreclose a lien upon a chattel for a sum of money not exceeding $500. Section 139 thereof provides as follows:

"No action shall be maintained in this court, which arises on a written contract of conditional sale of personal property; a hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum; or a chattel mortgage made to secure the purchase price of chattels, except an action to foreclose the lien as provided in this article. For the purpose of this section, an instrument in writing as above stated shall be deemed a lien upon a chattel."

The object of this legislation was to put an end to the great oppression which had been exercised by many dealers on the installment

plan in forcibly retaking possession of chattels so sold or mortgaged upon slight defaults, thereby causing an entire loss of the partial payments. There is no doubt that the paper writing at bar comes distinctly within the purview of the section. The only question is whether this action for conversion against the storage warehouse can be said to be an action which arises on said contract. The storage company received the piano from Mrs. Williams, who was in possession of it, and to her gave a receipt, and claimed storage charges against her and the property in the amount of $18. But, says the plaintiff, by reason of the contract with Mrs. Williams she only had the naked possession of the property, title thereto remaining in my assignor, and when she breached her contract by removing the piano from her house to the storage warehouse, I received the absolute right to take it from whomsoever's possession it might be, and, she only having the naked possession, upon this breach both she and the defendant were tort-feasors, and by refusal to deliver on demand converted the piano, and I have my action, not upon the written contract, but irrespective thereof.

Samodwitz v. Karpf, 80 App. Div. 496, 80 N. Y. Supp. 704, was an action for conversion. The contract under consideration was held to be clearly a conditional sale, and the title remained in plaintiff until the full amount called for by the contract was paid; "and, even though it be regarded as a hiring of personal property, the same conclusion is reached in so far as the form of action and the remedy to be obtained is concerned." The point was raised that, notwithstanding section 139 of the Municipal Court act, plaintiff had an action for conversion under section 1, subd. 14, of the act, because conversion is an injury to personal property. Jenks, J., said:

"Undoubtedly conversion is an injury to personal property; but so are actions arising upon a breach of a written contract for the conditional sale of personal property, or based upon the hiring of personal property, or arising upon a chattel mortgage. So that the effect of his argument is that, although the act in express terms withholds, or rather restricts, the jurisdiction of the Municipal Court in such cases, yet the general provision of subdivision 14, § 1, absolutely confers it. This action, as pointed out by the learned Municipal Court justice, plainly arises upon the breach of a written contract for the conditional sale of personal property, and the relative relief and liability of the plaintiff and defendant in that forum must be measured and limited by the express provisions of the act which creates the court, establishes its powers, and limits its jurisdiction. Of course, the entire statute is to be read and reconciled, and any general expression therein must be regarded as limited and qualified by the particular provisions of the statute."

The appellant seeks to distinguish this case from that at bar, because there the action was between the mortgagor and the mortgagee, and, although in form conversion, yet, the written paper defined the relation of the parties to each other and to the chattels, and therefore section 139 of the Municipal Court act applied. The case at bar is not between the parties to the conditional bill of sale, nor between the vendor and the assignee of the vendee, but between the assignee of the vendor and the depositary of the vendee; the very act of depositing having breached the contract and restored the right of possession to the vendor. The difficulty with the plaintiff's claim is that it has

already been adjudicated that he has a lien on the chattel, which has been directed to be sold and any surplus money received therefrom be paid to the clerk for the benefit of the owner. That is an adjudication that Mrs. Williams was the owner, is res adjudicata upon the subject, and prevents the plaintiff from now claiming to be the owner. He has a valid judgment foreclosing his lien, and can invoke the necessary process for the taking of the chattel and its sale under the judgment, and I do not see how, under the circumstances disclosed by this record, he can have an action for conversion in the Municipal Court. The beneficent purposes of the statute should be upheld against both direct and indirect attack. It has now been adjudicated that the plaintiff has but a lien upon the piano.

It follows, therefore, that the determination of the Appellate Term should be affirmed, with costs to the respondent. All concur.