■ LAMAR BERT, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered December 13, 1989, which, upon a jury verdict in favor of plaintiff, and upon his stipulation accepting, in lieu of a new trial on damages, a damage award of $100,000 reduced from $318,000, awarded plaintiff said sum as compensatory damages, plus interest and costs, unanimously affirmed, without costs or disbursements.

On appeal, the Port Authority does not contest the jury's finding of liability against it for its actions in detaining plaintiff for a period of 3½ hours after three of its police officers had assaulted and arrested him at St. Clare's Hospital. The incident had racial overtones. Plaintiff, a black man, had, by ambulance, brought his white, 14-year-old stepdaughter Janet, the daughter of his former common-law wife, whom plaintiff had raised since she was five, to St. Clare's Hospital after Janet had been injured at a Times Square movie theatre. Accompanying them was his wife's daughter, Larina, age 10, who was also black. In the examining room, outside of plaintiff's presence, a nurse questioned the stepdaughter with respect to her relationship with plaintiff and as to whether she was a runaway. Someone at the hospital telephoned the Port Authority police, who responded by sending over three plain-clothes officers. During a subsequent struggle at the hospital, one of the arresting officers called plaintiff a pimp. Hearing the disturbance, the stepdaughter ran into the hallway screaming, "Poppie, Poppie, what are they doing to you?" Plaintiff was thereafter taken to the Port Authority precinct, detained for several hours and, on his release, given a desk appearance ticket, charging him with obstructing governmental administration, resisting arrest and harassment. After a three-day trial, the jury awarded plaintiff compensatory damages in the sum of $318,000, which the trial court set aside unless plaintiff stipulated to accept $100,000. Plaintiff has so stipulated.

In arguing for a further reduction of damages, the Port

Authority cites the brief duration of detention, the lack of any claim for lost earnings and the absence of any substantial mental or physical injury. These arguments, however, completely ignore what is manifestly the most significant aspect of plaintiff's damage claims, i.e., the abject humiliation to which he was subjected in the presence of young and impressionable members of his family and the strain the incident has imposed upon his relationship with his stepdaughter. As plaintiff testified, "It's not the same anymore. We can't even go out the way we used to." Janet testified that after the incident she and her father "started to * * * pull apart * * * we didn't go out as much; and when we did go out, we wouldn't—like he wouldn't hold my hand, you know. It wasn't as close as it was."

We affirm. Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.