■ ANDREAS T. MANOLAS, Respondent-Appellant, v 303 WEST 42ND STREET ENTERPRISES, INC., Individually and Doing Business as SHOW WORLD, Appellant-Respondent, et al., Defendants.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered April 17, 1990, which, *inter alia,* found in favor of the plaintiff, after jury trial, against defendant 303 West 42nd Street Enterprises, Inc., in the total amount of $210,319.38, unanimously modified on the law and the facts and a new trial ordered solely on the issue of punitive damages, without costs and disbursements, unless plaintiff within 20 days after service upon his attorney of a copy of this Court's decision and order with notice of entry serves and files in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict in his favor for punitive damages to $50,000 and to the entry of an amended judgment in accordance therewith. If plaintiff, Andreas T. Manolas, so stipulates, the judgment, as so amended and reduced, is affirmed without costs and disbursements.

Plaintiff was injured following an altercation at defendant's adult entertainment business. The jury determined, *inter alia,* that defendant's employees pushed plaintiff through a window, causing physical injury, but that they were not acting within the scope of their employment when they caused plaintiff's injuries. It was also determined that defendant maliciously prosecuted plaintiff, and that plaintiff sustained $2,500 in compensatory damages and $200,000 in punitive damages as a result.

After trial, defendant moved to set aside the punitive damage award as grossly excessive. The trial court, determining that the award was not so grossly excessive as to be a result of the jury's passion *(Nardelli v Stamberg,* 44 NY2d 500), declined to exercise its discretion to interfere with the award. We disagree. The jury awarded punitive damages in an amount almost eighty times that awarded for compensatory damages. It further appears that the amount of punitive damages was actuated by the jury's passion as a result of plaintiff's attorney's improper and prejudicial comments throughout the trial. Indeed, plaintiff's counsel incited the jury's passion by attempting to try this case as one against the entire adult entertainment industry, and not merely against defendant.

Although plaintiff claims that defendant's employees were acting within the scope of their employment as a matter of law, he never moved for a directed verdict on this issue and thus conceded that it presented a question for the jury. *(Miller v Miller,* 68 NY2d 871; *Riviello v Waldron,* 47 NY2d 297, 303.) The record reveals that the jury's conclusion with regard to "scope of employment" was rational. *(See, Quadrozzi v Norcem, Inc.,* 125 AD 559.)

We have considered the remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Kassal and Smith, JJ.