■ WILLIAM HART, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Appellate Term, First Department (Jawn A. Sandifer, J. P., Edith Miller, J.; William P. McCooe, J.,

dissenting in a memorandum) entered November 20, 1990, modifying a judgment of the Civil Court, Bronx County (Luis Gonzalez, J.), entered April 26, 1988, which after a jury verdict, awarded plaintiff compensatory damages in the aggregate sum of $300,000 against all defendants and punitive damages in the sum of $250,000 against defendant Matthew Orsi, to the extent of reversing so much of the verdict as awarded $150,000 in compensatory damages for false arrest and imprisonment and $250,000 for punitive damages for malicious prosecution and directing a new trial unless plaintiff stipulated to a verdict reducing these awards to $15,000 and $100,000 respectively, unanimously affirmed, without costs.*

Upon viewing the evidence in the light most favorable to the plaintiff, we find that plaintiff's causes of action for false arrest and malicious prosecution were properly submitted to the jury given the existence of a real dispute as to the facts *(see, Parkin v Cornell Univ.,* 78 NY2d 523, 529).

We agree with Appellate Term that the award for false arrest deviates materially from reasonable compensation and was properly reduced (CPLR 5501 [c]; *see, e.g., Bert v Port Auth.,* 166 AD2d 351; *Hallenbeck v City of Albany,* 99 AD2d 639). Similarly, the $150,000 compensatory award for malicious prosecution should not be disturbed. There is sufficient evidence to support the jury's finding that the arresting officer had knowingly provided false testimony to the Grand Jury resulting in plaintiff's indictment and incarceration *(see, Maxwell v City of New York,* 156 AD2d 28).

Finally, we concur with the Appellate Term that the award for punitive damages was excessive to the extent indicated.

The unpublished order of this Court entered herein on May 21, 1992 is hereby recalled and vacated. Concur—Milonas, J. P., Ellerin, Kupferman and Ross, JJ.

---

* The $150,000 award for malicious prosecution was untouched.