■ STEVEN MINICHIELLO, Respondent, v SUPPER CLUB et al., Appellants, et al., Defendant. [745 NYS2d 24] —Judgment, Supreme Court, New York County (Emily Goodman, J.),

entered May 10, 2001, which awarded plaintiff, after a jury trial, a total of $10,160,000 in compensatory damages and $10,002,000 in punitive damages against defendants, unanimously reversed, on the law and the facts, without costs, the awards set aside and the matter remanded for a new trial before a different justice.

In this action pursuant to sections 8-107 and 8-502 of the Administrative Code of the City of New York, plaintiff alleges that he was verbally and physically abused by defendants because of his sexual orientation and then wrongfully discharged when he refused to voluntarily relinquish his position at The Supper Club.

The Supper Club is a dining and dancing establishment operated by defendant, Edison Associates, L.P. (hereinafter Edison), a limited partnership. Defendant Martin Theising is a partner in Edison and defendant Andre Cortez is the general manager of The Supper Club and is responsible for its day-to-day operations. Defendant Oliver Hoffman was an independent consultant to The Supper Club from June 1995 through September 1995.

In November 1992, plaintiff was hired as The Supper Club's late night manager initially responsible for its disco and later for its cabaret until he was discharged in July 1995. Plaintiff alleges in his complaint, inter alia, that during the course of his employment, he was repeatedly subjected to humiliation and to discriminatory epithets regarding his sexual orientation and that, two weeks before he was discharged, he was physically held down by Hoffman and another individual while Cortez threatened to cut off his ponytail with a pair of scissors.

After a lengthy trial, the jury found that plaintiff had been subjected to a hostile work environment, had been discharged because of his sexual orientation and that Cortez had committed assault and battery. The jury awarded $160,000 in lost wages, finding that plaintiff could not have mitigated his damages. It further awarded $8,000,000 for past pain, suffering and emotional distress and $2,000,000 for such future damages. The jury also awarded punitive damages of $1,000,000 against The Supper Club, $54,000 against Cortez and $2,200,000 against Theising with respect to the discrimination claims.

Defendants contend that the damages awarded were so grossly excessive as to be the result of passion and prejudice born of plaintiff's counsel's misconduct and judicial error, that a mere reduction of the awards would not be an adequate remedy. We agree.

"When misconduct of counsel in interrogation or summation so violates the rights of the other party to the litigation that extraneous matters beyond the proper scope of the trial may have substantially influenced or been determinative of the outcome, such breaches of the rules will not be condoned." (*Kohlmann v City of New York*, 8 AD2d 598, 598.) Although evidence of hostility and harassment to other minorities may be relevant to a claim of a hostile work environment based on sexual orientation, the cumulative effect of the many irrelevant and highly prejudicial comments made by plaintiff's counsel in the course of this trial only served to incite the jury's passion and sympathy and effectively prevented a fair and dispassionate consideration of the evidence. Plaintiff's counsel referred to Theising, a German national with an apparent accent, as someone who exhibited an "attitude of hatred" and made forced analogies to Nazi Germany and the Holocaust. While the issue of this case was sexual orientation discrimination, plaintiff's counsel presented to the jury inappropriate matters involving African-Americans, Latinos and Jews that went far beyond any permissible boundaries and served no other purpose than to incite the jury's passions. Similarly, plaintiff's counsel elicited testimony about an alleged physical attack by an assistant to Cortez on an employee dying of AIDS and extensive testimony from several witnesses regarding the consumption of alcoholic beverages by Cortez, Hoffman and Theising which was highly prejudicial with little or no probative value.

We find that the aggregate effect of such comments and conduct of plaintiff's counsel, which cannot be characterized as inadvertent or harmless, inflamed the jury's passion and sympathy to such an extent as to render the resulting judgment meaningless (*see generally, Rodriguez v New York City Hous. Auth.*, 209 AD2d 260), particularly where, as here, such misconduct is coupled with judicial error (*see, Escobar v Seatrain Lines*, 175 AD2d 741; *Manolas v 303 W. 42nd St. Enters.*, 173 AD2d 316, *lv denied* 78 NY2d 864).

The trial court erred in refusing to allow defendants to introduce evidence that no other employees were treated abusively, as permitted by section 8-107 (13) (d) (2) of the Administrative Code of the City of New York, and in denying defendants' requested jury charge on mitigation. Likewise, it was error to deny defendants a missing witness charge upon plaintiff's failure to produce his therapist, Susan Corcoran, and a treating physician, Dr. Keston, since both had provided extensive treatment to plaintiff and their testimony would not have been cumulative. Further, the trial court made a number

of demeaning comments in the presence of the jury demonstrating a marked antipathy toward defense counsel which, in light of the totality of circumstances at trial, warrant a new trial.

Were this Court not to reverse and remand for a new trial for the reasons stated above, we would have nevertheless reversed on the issue of damages. The jury's grossly excessive compensatory and punitive damages awards totaling approximately $20,000,000 have no rational basis (CPLR 5501 [c]; *see, Nardelli v Stamberg,* 44 NY2d 500; *Davies v Royal Air Maroc,* 291 AD2d 343; *McIntyre v Manhattan Ford, Lincoln-Mercury,* 256 AD2d 269, *lv denied* 94 NY2d 753; *Manolas v 303 W. 42nd St. Enters.,* 173 AD2d 316, *lv denied* 78 NY2d 864). Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.