OPINION OF THE COURT
Per Curiam.
Amended judgment entered October 5, 2003 modified by vacating the damages awards and directing a new trial on the issue of damages only; as modified, amended judgment affirmed, without costs. Appeal from judgment entered on or about March 13, 2003 dismissed, without costs, as superseded by defendant’s appeal from the amended judgment.
This is an action for personal injuries caused by an assault. The plaintiff and the defendant were the only witnesses who testified at the trial. The jury returned a verdict for $150,000 for past emotional distress, $150,000 for future emotional distress, $100,000 for past pain and suffering and $100,000 for future pain and suffering, totaling $500,000. The jury also awarded $100,000 for punitive damages. The trial court in reducing the compensatory damages award to $100,000 accurately stated that no medical testimony was presented to establish any claimed injuries nor did it allocate the $100,000 between the physical and emotional injury.
Plaintiff claimed an aggravation of a preexisting hernia condition. “ [Aggravation of a pre-existing condition is an element of special damages which must be specially pleaded and proven before recovery therefor can be allowed” (Behan v Data Probe Intl., 213 AD2d 439, 440 [1995]). Despite his failure to allege such damages in the complaint or attempt to offer any medical evidence supporting a recovery of such damages at trial, plaintiff was awarded an aggregate recovery of $200,000 for past and future pain and suffering where this was the only physical injury claimed. Nor was there medical evidence of emotional distress to support any award. In this posture, and given the trial court’s acknowledgment in its posttrial decision that the jury charge as *106 given provided “insufficient guidance on how to determine the measure of compensatory damage,”* we find that the jury’s compensatory damages awards totaling $500,000 were so grossly excessive that a mere reduction of the awards would not be an adequate remedy (see Minichiello v Supper Club, 296 AD2d 350 [2002]). The irrational compensatory award of a half million dollars in this civil assault and battery case where the plaintiff presented no medical evidence, expert or otherwise, is neither sustainable nor capable of meaningful reduction, and this notwithstanding the absence of timely trial objections on key issues by defense counsel. Nor is anything approaching a six-figure recovery for “humiliation” justified on this record, which, beyond plaintiff’s unamplified testimony that he “felt a lot of fear” after the incident, contained no competent evidence attesting to the severity and consequences of any mental anguish that plaintiff may have experienced (see Matter of City of New York v New York State Div. of Human Rights, 250 AD2d 273, 278 [1998], mod on other grounds 93 NY2d 768 [1999]; Matter of Electchester Hous. Project v Rosa, 225 AD2d 772, 774 [1996]; cf. Bert v Port Auth. of N.Y. & N.J., 166 AD2d 351, 352 [1990] [in case involving “racial overtones” where police assaulted plaintiff, detained him for 3½ hours, and called him a pimp, court sustained $100,000 compensatory award for “the abject humiliation to which [plaintiff] was subjected in the presence of young and impressionable members of his family and the strain the incident has imposed upon his relationship with his stepdaughter”]). The dissent states that humiliation is the most significant aspect of plaintiffs claim. Humiliation was not alleged or charged nor is it an element of damages in an assault case, although it may be considered in an unlawful detention case such as Bert v Port Auth. of N.Y. & N.J. (166 AD2d 351 [1990], supra), cited by the dissent (see, PJI2d 3:5 [2005]). Furthermore the plaintiff does not claim that he left his employment because of his claimed injury nor did the jury award any loss of earnings or medical expenses since none were even offered in evidence.
*107 And while punitive damages may be awarded for assaultive conduct in an appropriate case (see e.g. Falcaro v Kessman, 215 AD2d 432 [1995]), it appears that the jury’s $100,000 punitive damages award here may have been the result of passion, if not confusion. Furthermore, in view of what we see as a case justifying a minimal award, if any, we cannot at this stage determine if the compensatory to punitive damages ratio implicates State Farm Mut. Automobile Ins. Co. v Campbell (538 US 408 [2003]). While we agree that the defendant’s conduct was reprehensible, nevertheless the jury’s awards “are so [excessive] and skewed as to indicate to us that the jury lacked any comprehension as to its function in assessing damages and the standards it was to use in measuring injury” (Russo v Port Auth. of N.Y. & N.J., 98 AD2d 618, 619 [1983]), a new trial on all items of damages is warranted.
We have considered defendant’s remaining arguments and find them lacking in substantial merit,

 Although error in the jury instructions is not urged by defendant as an independent ground for reversal on appeal, we share the trial court’s stated concerns over the (in)sufficiency of the jury instructions. In this connection, we note that the generic charge on compensatory damages comprised only four sentences and provided no case-specific guidance to the jury, while the punitive damages charge, similarly terse, authorized the jury to consider the defendant’s “financial condition,” an issue not addressed by the parties via evidence or argument at any point during the trial proceedings.