Suarez, P.J.
(dissenting). I respectfully dissent. The issue on this appeal is whether the evidence was sufficient to sustain the jury award of $100,000 for punitive damages and a reduced compensatory damages award of $100,000. I find that it was and would affirm the amended judgment.
The evidence at the jury trial established that Fausto Herrera, an “elderly gentleman” of approximately 60 years of age and the porter/doorman of a luxury rental on West End Avenue, was subjected to a vicious assault and battery by the defendant, who vituperatively cursed at, menacingly threatened and brutally pushed him from behind into the corner of a desk, causing him pain, injury and fear for his life, in the presence of various of the building’s residents. Two and one-half hours later, the defendant assaulted Herrera by pointing a gun at and telling him he would not see another Christmas, causing him to urinate on himself in fear. Herrera missed 10 days of work and resigned from his job because of these incidents; his hernia condition was exacerbated, requiring surgical repair; he suffers from severe emotional injuries which naturally resulted from defendant’s barbarous conduct; and he has trouble sleeping.
Defendant asserts, and the majority finds, that a new trial is warranted because the jury award was so excessive that a mere reduction, as stipulated to by Herrera, would not be an adequate remedy (majority op at 106). The majority finds that Herrera’s failure to plead and prove “aggravation of a pre-existing condition” precludes his recovery for the hernia operation he *108 underwent after the defendant violently pushed him into the corner of the desk, yet defendant’s failure to raise this issue at trial renders this issue unpreserved for our review. (See CPLR 4017, 5501 [a] [3]; Horton v Smith, 51 NY2d 798, 799 [1980]; Hotaling v CSX Transp., 5 AD3d 964 [3d Dept 2004]; Pilon v Pilon, 278 AD2d 760 [3d Dept 2000]; Holtz v Wildenstein & Co., 261 AD2d 336 [1st Dept 1999].) Defendant asserts on appeal that Herrera failed to allege the hernia condition in a bill of particulars, but defendant failed to demand a bill of particulars, and seemed content to defend the case by his assertion at trial that he neither pushed Herrera nor assaulted him with a gun, defenses which the jury clearly rejected. I find no occasion to review this issue in the interest of justice. (See Pyptiuk v Kramer, 295 AD2d 768 [3d Dept 2002]; cf. Heller v Louis Provenzano, Inc., 257 AD2d 378, 379 [1st Dept 1999].) Particularly is this so since Herrera’s attorney stated in his opening at trial that he intended to prove that the battery aggravated Herrera’s existing hernia condition and defendant made no objection when such testimony was given. (See Matter of Moore v Blank, 8 AD3d 1090 [4th Dept 2004]; Stiglianese v Vallone, 255 AD2d 167 [1st Dept 1998].) If defendant had an objection to the testimony, the time to assert it was when the testimony was presented, so that plaintiff would have had the opportunity to overcome the objection by presentation of further evidence. Perhaps it was the defense attorney’s trial strategy (which in hindsight did not work), but having charted the procedural course, we should not now reverse to Herrera’s prejudice. (See Schein v Chest Serv. Co., 38 AD2d 929 [1st Dept 1972]; Osborne v Schoenborn, 216 AD2d 810, 811 [3d Dept 1995]; Barber v Young, 238 AD2d 822, 824 [3d Dept 1997].)
This case is not at all similar to Minichiello v Supper Club (296 AD2d 350 [1st Dept 2002]), relied upon by the majority, where the trial court entered judgment on a jury verdict of over $20,000,000 and the Appellate Division found that a new trial was mandated because the awards of damages were grossly excessive and were the result of passion and prejudice arising from plaintiffs counsel’s misconduct as well as judicial error, so that a mere reduction of the awards would be an inadequate remedy. The instant case involves a jury award of $600,000, which the trial court properly set aside and directed a new trial unless plaintiff stipulated to a reduction to $200,000; plaintiff so stipulated. There is no assertion herein that plaintiff’s counsel engaged in misconduct which incited the jurors’ pas *109 sion. (See id., 296 AD2d at 352.) The punitive damages award for the outrageous conduct was entirely appropriate. (See e.g. O’Donnell v K-Mart Corp., 100 AD2d 488, 492 [1984].) The majority’s speculation “that the jury’s $100,000 punitive damages award here may have been the result of passion, if not confusion” (majority op at 107) ignores the likelihood that the amount of the punitive damages award was based upon the nature of defendant’s conduct, which the majority concedes was “reprehensible.” (Id.) Nor, as indicated, is there any demonstrable error committed by the trial court which was preserved for our review.
The majority’s agreement with the trial court’s determination that the jury charge provided “insufficient guidance on how to determine the measure of compensatory damage” (at 106) is similarly unpreserved for appellate review, as the record demonstrates that defendant neither requested a different charge nor took exception to the charge as given. It is well settled that the requirement that an exception to a charge be timely made is not merely a technicality, but is mandatory, to give the trial court and the opponent the opportunity to correct any error in the conduct of the trial. (Barry v Manglass, 55 NY2d 803, 805-806 [1981].) In any event, the trial court’s charge on damages was practically a verbatim recitation of New York Pattern Jury Instructions — Civil (PJI3d 2:280 [2004]), and no fundamental error is demonstrated so as to warrant a new trial on this ground. (See McAteer v Arden Hill Hosp., 170 AD2d 758 [3d Dept 1991].)
Moreover, the physical and emotional injuries sustained by Herrera were sufficient to justify the stipulated reduced compensatory damages of $100,000, even without medical testimony. (See Allinger v City of Utica, 226 AD2d 1118 [4th Dept 1996].) The award of $100,000 in compensatory damages does not deviate materially from reasonable compensation. The defendant’s arguments and the majority’s determination that the awards are “grossly excessive” (majority op at 106) “completely ignore what is manifestly the most significant aspect of plaintiffs damage claims, i.e., the abject humiliation to which he was subjected.” (Bert v Port Auth. of N.Y. & N.J., 166 AD2d 351, 352 [1st Dept 1990].) Contrary to the majority’s assertion, damages for humiliation are recoverable in a case of an assault. (See Young v Village of Potsdam, 297 NY 712 [1947]; 2 NY PJI2d 16 [2006].) Damages for fright, a natural and probable consequence of defendant’s assault upon plaintiff with a gun, and *110 also a substantial portion of plaintiffs damages herein, are also recoverable. (See Beck v Libraro, 220 App Div 547 [2d Dept 1927]; see also Williams v Underhill, 63 App Div 223 [1st Dept 1901]; O’Donnell v K-Mart Corp., 100 AD2d 488, 492 [4th Dept 1984].)
The amended judgment should be affirmed in all respects. McCooe and Gangel-Jacob, JJ., concur; Suarez, EJ, dissents in a separate memorandum.