Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 14, 2016, which, insofar as appealed from as limited by the briefs, granted defendants’ motion insofar as it sought to strike certain matter from the record, and denied the motion insofar as it sought sanctions, unanimously affirmed, without costs. Orders, same court and Justice, entered on or about September 24, 2015, which, insofar as appealed from as limited by the briefs, granted defendants’ motion to dismiss the complaint on the ground of lack of personal jurisdiction as to defendants International Art Center, S.A. and David Nahmad, granted defendants’ motion to dismiss the complaint on the ground that plaintiff Maestracci lacked standing, granted plaintiff Maestracci’s motion for leave to add George W. Gowen as a coplaintiff, and ordered Gowen to serve a supplemental summons and amended complaint, unanimously modified, on the law, to deny defendants’ motion to dismiss the complaint on the ground that plaintiff Maestracci lacked standing, and otherwise affirmed, without costs.
 

 Plaintiff Philippe Maestracci, a resident and citizen of France, is the grandson and sole heir to Oscar Stettiner, who, Maestracci alleges, was the rightful owner of a painting by Amedeo Modigliani entitled “Seated Man with a Cane” (hereinafter, the painting). Stettiner resided in Paris until 1939, when he fled the Nazi occupation. According to Maestracci’s extensive research, the painting was confiscated by the Nazis shortly before the Allied liberation of Paris, and sold in July 1944 without Stettiner’s consent. In 1946, after the war’s end, Stet-tiner brought a proceeding in Paris against both the official appointed by the Nazi-controlled government to sell Stettiner’s painting, and the buyer of the painting, pursuant to French legislation voiding sales of property looted by the Nazis during the war. Stettiner was awarded an emergency summons invalidating the sale and directing that the painting be returned to him. However, French court records dated March 29, 1947, indicate that the buyer alleged he had entrusted the painting to another man who declared that he had sold it in 1944 to an unknown American officer. Stettiner died in 1948.
 

 In 1996, the painting was put up for auction in London, by Christie’s, on behalf of sellers who were reputedly the descendants of the buyer of the painting in 1944. The auction cata-logue’s description of the painting’s provenance indicated that it had been sold between 1940-1945 to “Anon.” According to Christie’s records, defendant International Art Center, S.A. (IAC) bought the painting. The painting was exhibited in New York City in 2005, at defendant Helly Nahmad Gallery, Inc. (HNGallery). It was also shown at the Helly Nahmad Gallery London in 1998; at the Musée d’Art Moderne in Paris in 1999; and the Royal Academy of Arts in London in 2006.
 

 In November 2008, the painting was included in an auction conducted by Sotheby’s New York. The auction catalog described the owner as “Private Collection,” and indicated that the painting had “possibly” been owned by Stettiner as of 1930. The painting was not sold at the 2008 auction. In April 2010, Maestracci’s representative first contacted Sotheby’s Restitution Department to ask for the name of the consignor and that Sotheby’s inform the consignor of the claim by Stettiner’s heirs. In early 2011, plaintiff’s attorney twice contacted HNGallery and demanded return of the painting. HNGallery did not respond. Maestracci states that, as of August 2011, he believed that the HNGallery was refusing to return the painting and was not aware of defendants’ contention that IAC was the sole buyer and owner of the painting.
 

 In 2012, Maestracci filed suit against HNGallery in the United States District Court for the Southern District of New York. That suit was discontinued without prejudice within the same year. Thereafter, Maestracci learned of defendants’ claim of IAC’s ownership, as well as IAC’s contention that Maestracci himself had no standing to bring the action, because, under EPTL 13-3.5, he had not established, as a foreigner, that he was a duly appointed representative of the nondomiciliary Stet-tiner estate. Maestracci then petitioned the Surrogate’s Court, New York County, to issue letters of administration to George W. Gowen, Esq., a New York attorney, on behalf of the estate, for the limited purpose of recovering the painting. Limited ancillary letters of administration were granted to Gowen in June 2013.
 

 In February 2014, Maestracci commenced this suit, solely in his name, by filing a summons with notice against all defendants. Because of several stipulated adjournments, the complaint was not filed and served until February 2015, in the name of both Maestracci and Gowen. In the interim, several precomplaint motions were decided or withdrawn. Before us are the appeals from the orders rendered on three motions.
 

 We turn first to defendants’ motion to strike certain allegedly offensive material from the record and for sanctions. The motion court properly struck the allegedly offensive material (see Matter of Reynolds, 23 AD2d 623, 624 [4th Dept 1965]; Baylis v Wood, 246 App Div 779 [2d Dept 1935]; Griffin v Griffin, 231 App Div 819 [1st Dept 1930]; Scholing v O’Conner, 209 App Div 839 [3d Dept 1924]). Plaintiff’s references to defendants’ and their counsel’s Jewish faith and to unfounded accusations of tax fraud by defendants are plainly improper (see Rules of Chief Admin of Cts [22 NYCRR] § 100.3 [B] [5]; see also Minichiello v Supper Club, 296 AD2d 350, 352 [1st Dept 2002]). Further, plaintiff’s attempt to explain the relevance of Helly Nahmad’s criminal conviction for gambling is unpersuasive. The motion court, however, providently exercised its discretion in declining to sanction plaintiff (see 22 NYCRR 130-1.1), as this was essentially a first-time offense and the court strongly admonished plaintiff’s counsel regarding this conduct.
 

 The motion court correctly granted defendants’ motion to dismiss the complaint as against defendants I AC and David Nahmad, on the ground of lack of personal jurisdiction, as plaintiff does not dispute on appeal that they were improperly served. However, the motion court erred when it determined that Maestracci lacked standing to bring this action. Although defendants correctly state that merely asserting that one is a beneficiary of a foreign decedent does not confer standing to bring suit on behalf of the estate, this Court has construed EPTL 13-3.5 to permit certain representatives of estates in foreign countries to bring suit in New York without first obtaining New York letters of administration by the alternative procedure of filing an affidavit and supporting documents establishing their right to pursue claims on behalf of the estate under the foreign law (see Schoeps v Andrew Lloyd Webber Art Found., 66 AD3d 137, 143-144 [1st Dept 2009]). Here, Mae-stracci relies on precisely the forms of proof we endorsed in Schoeps—namely, “an affidavit from an expert in the law of the foreign jurisdiction concerning inheritance rights” and “the foreign jurisdiction’s equivalent of an ‘acte de notariete’ formally certifying the party’s right to pursue claims on behalf of the estate” (id. at 144). Further, lack of compliance with the requirements set forth in EPTL 13-3.5 (a) (1) and (2) merely operates to stay the action pending such compliance (EPTL 13-3.5 [a] [3]).
 

 The motion court properly granted Maestracci leave to add Gowen as a coplaintiff (see CPLR 1003). Although Maestracci sought leave only after serving a complaint naming Gowen as a coplaintiff, CPLR 1003 gives a court “wide latitude and [is] to be liberally construed” (Micucci v Franklin Gen. Hosp., 136 AD2d 528, 529 [2d Dept 1988]). Moreover, due to the enactment of the Holocaust Expropriated Art Recovery Act of 2016 (HEAR) (Pub L 114-308, 130 US Stat 1524, amending 22 USC § 1621 et seq.), there is no prejudice to defendants in allowing Gowen to join the action (see Kelley v Schneck, 106 AD3d 1175, 1177-1178 [3d Dept 2013], Iv dismissed 21 NY3d 1069 [2013]). HEAR supplants the statute of limitations provisions otherwise applicable to civil claims such as these (see Pub L 114-308, § 5 [a]). Under HEAR, the applicable statute of limitations is six years from the date of “actual discovery” of “the identity and location of the artwork” and “a possessory interest of the claimant in the artwork” (id.). We reject defendants’ argument that HEAR can be displaced by a choice-of-law analysis.
 

 Under section 5 (c) of HEAR, for purposes of starting the running of the six-year statute of limitations provided by section 5 (a), a preexisting claim covered by HEAR is “deemed to have been actually discovered on the date of enactment of [HEAR].” However, section 5 (c) is made subject to the exception provided in section 5 (e), which, as here relevant, provides that HEAR does not save a preexisting claim that was “barred on the day before the date of enactment of [HEAR] by a Federal or State statute of limitations” where “not less than 6 years have passed from the date [the] claimant . . . acquired such knowledge and during which time the civil claim or cause of action was not barred by a Federal or State statute of limitations.” Accordingly, to establish that HEAR does not save the subject claim, defendants were required to show that Mae-stracci discovered the claim on or before December 15, 2010 (six years before the day before the date of HEAR’s enactment). This they have failed to do. Indeed, defendants have failed to establish that Maestracci had actual knowledge of the identity and location of the artwork before December 22, 2011, when as part of motion papers related to a previous federal action commenced by Maestracci, HNGallery disclosed to Maestracci that IAC has owned the painting since purchasing it from Christie’s London in 1996. Defendants therefore have not established that this claim is barred by the statute of limitations.
 

 Concur— Friedman, J.R, Richter, Mazzarelli and Gische, JJ.