THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY L. CORNISH, Appellant.

First Department, December 6, 1973.

*Louis Aaron Goldstone* of counsel (*William E. Hellerstein* and *Robert Kasanof,* attorneys), for appellant.

*Allen G. Swan* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

STEUER, J. Defendant was convicted after trial of possession of a weapon as a felony and prohibited use of weapons. Proof at the trial left no doubt whatever of defendant's guilt and there is no claim on this appeal that it did. However, it appears

that defendant testified on his own behalf. The Assistant District Attorney's cross-examination is claimed to be prejudicial as to three aspects of inquiry. As to the first, defendant's employment, the defendant had testified on direct and the cross-examination was not improper. As to the two others, involving falsification of an income tax return and an assault, for neither of which the defendant was indicted, his categorical denials should have concluded inquiry. However, the matter was pressed and the defendant confronted with documentary evidence.

But as to these, not only was there no objection, but the court invited objection from defense counsel and the invitation was refused. We are asked to reverse nevertheless in " the interests of justice ". This naturally raises the question of just what are the interests of justice in such a situation. If justice is more interested in a technically perfect trial than in one in which a proper result is reached, then the interests of justice would indicate a reversal. Here we have no way of knowing what prompted counsel to allow the improper testimony to pass without objection. He might well, in the absence of any other viable contention, have hoped to capitalize on the District Attorney's overzealousness to obtain a sympathetic response from the jury. But, whatever may be the reason, we cannot see that an appellate court is required to overlook the omission where guilt is clear.

The judgment should be affirmed.

MURPHY, J. (dissenting). What should have been a relatively uncomplicated trial, to determine whether defendant was the person whom two police officers saw firing a pistol, was permitted to become obfuscated by collateral issues of such inflammatory and prejudicial nature as to deprive defendant of a fair trial. During cross-examination of defendant, who had never previously been convicted of a crime and denied any wrongdoing in the instant case, documentary evidence was introduced to refute appellant's testimony that he had never been married and as to the name of his current employer; and to show that he had falsified a Federal income tax withholding form. The prosecutor was also permitted to question appellant regarding his penchant for inflicting pain on women and to read to the jury a portion of a statement made to New Jersey authorities some 14 years prior to the trial in which he allegedly admitted striking a woman with a lug wrench after ripping her clothing during an altercation. While some of the documentary evidence was offered for identification only, pur-

portedly to refresh the witness' recollection, all were referred to by the prosecutor in summation. Although the District Attorney concedes that the introduction of the New Jersey statement violated the rule prohibiting a prosecutor from attempting to contradict a witness on a collateral matter with extrinsic evidence for the sole purpose of impeaching credibility (*People v. Schwartzman*, 24 N Y 2d 241), he notes the absence of an objection; and, in any event, attempts to pass off the error as harmless. In my opinion, the cumulative effect of the introduction of these wholly irrelevant and extraneous matters, which had absolutely no probative value on this trial for unlawful possession and use of a weapon, cannot be deemed mere harmless error; or be excused on the ground that such prosecutorial conduct could not have adversely affected the jury because of "the bizarre facts of the crime, and the overwhelming evidence of culpability." (*People v. Brosnan*, 32 N Y 2d 254, 262.) The interests of justice require the reversal of this conviction and a retrial.

McGIVERN, J. P., MARKEWICH and LANE, JJ., concur with STEUER, J.; MURPHY, J., dissents in an opinion.

Judgment, Supreme Court, New York County, rendered on January 20, 1972, affirmed.