■ Douglas E. Pilon, Sr., Appellant, v Richard J. Pilon, as Temporary Administrator of the Estate of Ephrem Pilon, Deceased, Respondent. [718 NYS2d 449] —Rose, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered February 9, 1999 in Clinton County, upon a verdict rendered in favor of defendant.

This action seeking specific performance of an alleged oral contract between plaintiff and his father, Ephrem Pilon (hereinafter decedent), arises from the purchase of real property for plaintiff's use as a source of water for his business of filling swimming pools. At the jury trial, there was no real dispute that plaintiff paid $2,500 toward the $10,000 purchase price, decedent paid the balance of $7,500, and title was taken in decedent's name. The parties agreed that decedent would transfer title to plaintiff after plaintiff repaid decedent for his investment. However, the question of repayment was sharply disputed. Plaintiff testified that, almost six years after the date of the closing, he had fully paid the amount owed. Decedent denied that repayment had been made, alleged that certain receipts had been forged and refused to transfer the property. The jury, which found that the agreement existed but that plaintiff did not perform under its terms, returned a verdict in decedent's favor and Supreme Court entered judgment dismissing plaintiff's complaint.*

On this appeal plaintiff contends that he was denied a fair trial based on the improper admission of collateral evidence and the improper "testimony" of decedent's counsel as an unsworn witness during summation. None of these contentions, however, were preserved for appellate review by timely objections.

Where no timely objection is made, evidence offered at trial is presumed to have been unobjectionable and any alleged error is considered waived (*see, Horton v Smith*, 51 NY2d 798). Plaintiff here had an opportunity to object to the introduction of extrinsic evidence that he had forged a signature on an Eagle Scout application and not only failed to object to the testimony

---

* After the verdict was rendered, decedent died and defendant was substituted for purposes of this appeal.

of his own son to that effect, but affirmatively indicated that he had no objection to admission of the application itself (*see, Seneca Dress Co. v Bea-Jay Mfg. Corp.*, 156 AD2d 894, 895). We have no way of knowing what prompted plaintiff to allow admission of this evidence and, thus, no basis to conclude that reversal would serve the interest of justice (*see, People v Cornish*, 43 AD2d 103, 104).

In addition, we cannot agree with plaintiff's contention that the testimony of decedent's neighbor, to which plaintiff also did not object, was introduced for the sole purpose of impeaching plaintiff's credibility. This testimony was elicited primarily to corroborate decedent's earlier account of a physical struggle between himself and plaintiff. Thus, it was relevant to decedent's own credibility as well as to the issue of the nature of the relationship between decedent and plaintiff during a relevant time period (*see, Marshall v Handler*, 237 AD2d 158).

Also, the isolated remark of decedent's counsel during summation that he may have misunderstood decedent in drafting a letter to plaintiff, which again was not objected to, does not rise to the level of prejudicial error or warrant reconsideration of the issues in the interest of justice (*see, Superior Sales & Salvage v Time Release Sciences*, 227 AD2d 987, 988; *Dulin v Maher*, 200 AD2d 707, 708; *cf., Reynolds v Burghezi*, 227 AD2d 941, 942). Counsel's comment made no statement of fact and did not vouch for his client's credibility.

Under all the circumstances, we decline to exercise our interest of justice jurisdiction.

Cardona, P. J., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.