■ WANJI WEBB et al., Appellants, v STATE OF NEW YORK, Respondent. [795 NYS2d 636]—

In a claim, inter alia, to recover damages for unjust conviction and imprisonment under Court of Claims Act § 8-b, Wanji Webb and Evelyn Cramer appeal from an order of the Court of Claims (Sise, J.), dated July 21, 2003, which granted the defendant's motion to dismiss the claim pursuant to CPLR 3211 and Court of Claims Act §§ 8, 8-b, 9, and 10.

Ordered that the appeal by Evelyn Cramer is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the appellant Wanji Webb, without costs or disbursements.

By fact-finding order dated March 15, 1999, the Family Court determined that the infant claimant committed the act of attempted assault in the third degree. By dispositional order dated May 11, 1999, the Family Court adjudicated the infant claimant a juvenile delinquent. The infant claimant was then placed into the custody of the New York State Office of Children and Family Services which placed him in the Auburn Residential Center, a juvenile facility in Auburn, New York, for a period of one year.

By decision and order dated November 6, 2000, this Court reversed the dispositional order dated May 11, 1999, and vacated the fact-finding order dated March 15, 1999, on the ground that there was insufficient evidence that the infant claimant's conduct, had it been committed by an adult, would have constituted a crime (*see Matter of Wanji W.,* 277 AD2d 243 [2000]). After this Court's decision, the infant claimant Wanji Webb and his grandmother, his legal guardian, filed a claim, verified only by the grandmother, seeking damages, inter alia, for the infant claimant's alleged unjust conviction and imprisonment.

Court of Claims Act § 8-b authorizes a claim for damages

against the State by any person imprisoned for one or more felonies or misdemeanors which he or she did not commit (*see* Court of Claims Act § 8-b [2]). This authorization of a claim for unlawful conviction and imprisonment is further limited, inter alia, to a claimant whose "judgment of conviction" was reversed or vacated and where the accusatory instrument was dismissed on certain of the grounds specified in CPL 440.10 or 470.20 (*see* Court of Claims Act § 8-b [3] [b]). These requirements are strictly construed (*see Vasquez v State of New York*, 263 AD2d 539 [1999]).

A conviction for purposes of a claim under Court of Claims Act § 8-b is defined in CPL 1.20 (13) as "a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint." In turn, an "accusatory instrument" is defined as, inter alia, an indictment or an information (CPL 1.20 [1]). The provisions of the Criminal Procedure Law are expressly inapplicable to juvenile delinquency proceedings unless specifically prescribed by the Family Court Act (*see* Family Ct Act § 303.1).

The infant claimant was neither convicted nor was he prosecuted pursuant to an accusatory instrument in the juvenile delinquency proceeding. Instead of an accusatory instrument, a juvenile delinquency proceeding originates with the filing of a petition (*see* Family Ct Act § 310.1 [1]) and the finding of juvenile delinquency is made after fact-finding and dispositional hearings (*see* Family Ct Act § 352.1 [1]). Instead of imprisonment for an adult criminal conviction (*see* Penal Law § 10.00 [4], [5]), the adjudication of juvenile delinquency is followed, inter alia, by placement in a secure facility (*see* Family Ct Act § 352.2 [1] [c]; § 353.3 [3] [a]). Finally, no adjudication of juvenile delinquency may be denominated as a conviction (*see* Family Ct Act § 380.1; *Green v Montgomery*, 95 NY2d 693, 698 [2001]; *Holyoke Mut. Ins. Co. v Jason B.*, 184 AD2d 550, 552 [1992]).

Under the plain language of Court of Claims Act § 8-b, a placement following an adjudication of juvenile delinquency may not form the basis of a claim for damages against the State for unjust conviction and imprisonment. In addition to the legal insufficiencies of his claim, the infant claimant himself failed to verify the claim (*see* Court of Claims Act § 8-b [4]).

Accordingly, the State did not waive its immunity for this claim (*see* Court of Claims Act § 8), and the Court of Claims correctly granted the motion to dismiss. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur. [*See* 1 Misc 3d 222 (2003).]