OPINION OF THE COURT
John M. Hunt, J.
I
Respondent has moved for an order pursuant to Family Court Act § 375.2 sealing the record of this juvenile delinquency proceeding. For the reasons which follow, the motion is granted.
By petition filed pursuant to Family Court Act § 310.1 on April 12, 2006 the respondent, Arturo R., who was born on December xx, 1991, was alleged to have committed acts which, were he an adult, would constitute the crimes of attempted arson in the second degree (Penal Law §§ 110.00, 150.15), arson in the third and fourth degrees (Penal Law §§ 150.10, 150.05 [1]), reckless endangerment in the first degree (Penal Law § 120.25), criminal mischief in the second and third degrees (Penal Law §§ 145.10, 145.05), criminal mischief (3 counts) (Penal Law § 145.00), reckless endangerment of property (Penal Law § 145.25), making graffiti (Penal Law § 145.60), possession of graffiti instruments (Penal Law § 145.65), unlawful possession of aerosol spray paint cans (Administrative Code of City of NY § 10-117), unlawful defacement of property (Administrative Code of City of NY § 10-117), and overdriving, torturing and injuring animals (Agriculture and Markets Law § 353).
Following preliminary proceedings upon the petition, the respondent entered an admission on April 18, 2006 to having committed an act which, were he an adult, would constitute the crime of arson in the fourth degree (Penal Law § 150.05 [1]), a class E felony, in full satisfaction of the juvenile delinquency petition (Family Ct Act §§ 321.2 [3]; 321.3). The court thereafter ordered an investigation by the New York City Department of Probation as well as a diagnostic assessment of the respondent by the Family Court Mental Health Services Clinic, and the case was scheduled for a dispositional hearing (see Family Ct Act § 351.1 [2]).
At the conclusion of the dispositional hearing on June 2, 2006, respondent was adjudicated to be a juvenile delinquent *498 (Family Ct Act § 352.1 [1]). The court entered an order placing the respondent under the supervision of the New York City Department of Probation for a period of 18 months (Family Ct Act §§ 352.2 [1] [b]; 353.2), upon specific conditions set forth in the order, including the completion of 100 hours of community service, participation in counseling, attendance at school, and a prohibition against associating with his corespondents outside of scheduled school activities.
There was no further judicial action taken upon this case during respondent’s probation, and by all accounts, respondent had no further contact with the juvenile justice system prior to his 16th birthday. One of the documents submitted by the respondent in support of his motion is a “Probation Termination Notification” issued by his assigned probation officer certifying that as of December 3, 2007 he successfully completed his period of probation supervision, including the required hours of community service and mandated counseling.
In support of the motion to seal the record of this juvenile delinquency proceeding, Mr. R. states that he presently resides in Ozone Park, New York along with his parents and two sisters. In addition, Mr. R. graduated from high school on June 25, 2009 with a cumulative grade point average of 83.559^ as indicated in the high school transcript appended to the motion. Upon completion of high school, Mr. R. enrolled in a City University of New York college and on February 1, 2014 he received a Bachelor of Science degree with honors in his major, having achieved a 3.40 overall grade point average, as reflected in the college transcript appended to the motion.
Mr. R. was a member of the Auxiliary Police of the New York City Police Department during his college studies, and he is active in the community through his membership in a fraternal organization. Thus, it is apparent that Mr. R. has led a law-abiding life in all respects since his adjudication as a juvenile delinquent a decade ago, and the presentment agency has not opposed respondent’s motion to seal the record pursuant to Family Court Act § 375.2.
II
A motion to seal records where a juvenile delinquency proceeding has resulted in an adjudication of delinquency is governed by Family Court Act § 375.2. That section of the statute reads as follows:
*499 “1. If an action has resulted in a finding of delinquency pursuant to subdivision one of section 352.1, other than a finding that the respondent committed a designated felony act, the court may, in the interest of justice and upon motion of the respondent, order the sealing of appropriate records pursuant to subdivision one of section 375.1.
“2. Such motion must be in writing and may be filed at any time subsequent to the entering of such finding. Notice of such motion shall be served upon the presentment agency not less than eight days prior to the return date of the motion. Answering affidavits shall be served at least two days before such time.
“3. The Court shall state on the record its reasons for granting or denying the motion.
“4. If such motion is denied, it may not be renewed for a period of one year, unless the order of denial permits renewal at an earlier time.
“5. The court shall not order the sealing of any record except as prescribed by this section or section 375.1.[1]
“6. Such a motion cannot be filed until the respondent’s sixteenth birthday.”
Family Court Act § 375.2 authorizes the sealing of official records where a juvenile delinquency proceeding results in an adjudication of delinquency. This provision, and the related provisions of Family Court Act § 375.1, are intended to prevent a person who was the subject of a juvenile delinquency proceeding from future prejudice resulting from private persons or public agencies having access to records relating to the proceeding (see Matter of Dashawn Q., 112 AD3d 1250, 1252 [2013], citing Matter of Kiara C., 31 Misc 3d 1245[A], 2011 NY Slip Op 51111[U], *13 [Fam Ct, Queens County 2011]).[2]
*500 A
Of course, the sealing of the record after a finding under Family Court Act § 375.2 is not available merely for the asking. Rather, the statute directs sealing after a finding only where the court determines that such relief is in the “interest of justice.” While the case law relating to Family Court Act § 375.2 motions is “sparse” (Sobie, 2010 Supp Practice Commentaries, McKinney’s Cons Law of NY, Book 29A, Family Ct Act § 375.2, 2016 Pocket Part at 173), the cases do reflect that there are instances where sealing the record would not serve the interests of justice.
In Matter of Carlton B. (268 AD2d 368 [2000]), the Family Court’s refusal to seal the record where the respondent had been adjudicated a juvenile delinquent as a result of having committed a “serious assault” and where the respondent was subsequently incarcerated for a “subsequent murder conviction” and was seeking parole, was affirmed. In affirming the order denying the sealing motion, the Appellate Division held that the interest of justice would not be served by sealing the juvenile delinquency adjudication. The Court observed that the respondent was seeking to be paroled with respect to a subsequent murder conviction, and that the Parole Board should have the information relating to the juvenile delinquency adjudication available to it for consideration (268 AD2d at 369).
Similarly, in Matter of Rosa R. (68 AD3d 407 [2009]), the Appellate Division affirmed Family Court’s denial of a motion seeking sealing of the record relating to a juvenile delinquency adjudication based upon “the serious nature of the . . . assault” and because “[s]ealing these records could potentially impede their use by law enforcement agencies for legitimate purposes in the event appellant engaged in further criminal activity” (68 AD3d at 407-408).
In Matter of Elvin M. (121 AD3d 624 [2014]), the Appellate Division affirmed the denial of the respondent’s motion to seal the record of a prior juvenile delinquency adjudication. In determining that the Family Court “properly exercised its discretion in denying appellant’s Family Court Act § 375.2 sealing application” (id. at 624), the Court observed that the respondent’s delinquency adjudication was premised upon the commission of serious criminal acts as well as “appellant’s participation in a gang assault while on probation” (id.). Moreover, the Appellate Division noted that the respondent’s *501 “interests are adequately protected by the automatic general confidentiality of Family Court proceedings . . . and the additional remedy of sealing these records could potentially impede their use by law enforcement agencies for legitimate purposes in the event appellant engages in further criminal activity” (id.).[3]
The case of Matter of Dashawn Q. (112 AD3d at 1250) involved opposition by the presentment agency to the sealing of the complete record of a juvenile delinquency proceeding which had terminated in favor of the respondent. In that case, the juvenile had been charged with committing sex offenses against his younger siblings, and the Department of Social Services commenced child protective proceedings on behalf of the respondent and his eight siblings. Once the child protective proceedings had been resolved, the presentment agency withdrew the juvenile delinquency proceeding as respondent was placed under the child protective case.
While the juvenile delinquency case had terminated in favor of Dashawn Q., the Family Court declined to order the sealing of certain reports relating to the respondent, finding that the reports were needed to provide treatment and services to all of the children through the child protective cases. In affirming Family Court’s order, the Appellate Division held that “Family Court properly declined to seal the subject reports [from the delinquency case] in the interest of justice” (id. at 1252), as “sealing the subject reports indeed would hinder not only the fashioning of an appropriate disposition — for all nine children — in the context of the related neglect proceeding, but also would impede Family Court’s ability to secure the necessary services and treatment for respondent” (id.).
The statute absolutely precludes sealing of the record where a juvenile delinquency adjudication is premised upon a finding that the respondent has committed one or more of the designated felony acts enumerated in Family Court Act § 301.2 (8) (Family Ct Act § 375.2 [1]). The above cases also illustrate that sealing may not be in the interest of justice in those instances where a juvenile delinquency adjudication is based upon the *502 commission of violence or similarly serious conduct towards another. This is because sealing may inhibit access to information in the record by law enforcement authorities in the event that the respondent commits further criminal activity in the future (see Carlton B., 268 AD2d at 369; Rosa R., 68 AD3d at 408; Elvin M., 121 AD3d at 624). Sealing may also not be in the interest of justice where information in the court or agency records is required to provide ongoing treatment for a juvenile (Dashawn Q., 112 AD3d at 1252).
B
The statute itself does not define “in the interest of justice,” yet that term is frequently encountered in the area of criminal law. Where a court is authorized to grant relief upon an application in the “interest of justice,” the motion is addressed to the discretion of the court and it relates to “the totality of all the circumstances in [the] particular case” (People v Tyler, 46 NY2d 264, 266-267 [1978] [citation omitted]). However, where a court is asked to exercise its “interest of justice” jurisdiction, the court is not vested with “an untrammeled right to act on purely subjective considerations” (People v Rickert, 58 NY2d 122, 126 [1983]). Instead the court must engage in “a sensitive balancing of the interests of the individual and of the People” (id. at 127), so that “a proper result is reached” (People v Cornish, 43 AD2d 103, 104 [1973]).
Unlike the statutory provisions applicable to motions to dismiss an accusatory instrument in furtherance of justice (see CPL 170.40, 210.40; Family Ct Act § 315.2), Family Court Act § 375.2 does not set forth specific factors which a court must consider in deciding whether to grant the requested relief in the interest of justice. This, however, does not mean that there are no guiding principles which courts should apply where an application for sealing of the record after a finding is made.
One factor which should be given significant weight in considering whether to seal the record after a finding is that “a juvenile delinquency proceeding in Family Court is not a criminal action or proceeding” (Matter of Natasha C., 80 NY2d 678, 682 [1993] [internal quotation marks omitted]). Juvenile delinquency proceedings are not designed to punish young offenders (In re Gault, 387 US 1, 15-16 [1967]; Matter of Quinton A., 49 NY2d 328, 335 [1980]; Matter of Carmelo E., 57 NY2d 431, 435 [1982]; Green v Montgomery, 95 NY2d 693, 697-698 [2001]; Matter of Narvanda S., 109 AD3d 710, 712 [2013]), and “[t]he overriding intent of the juvenile delinquency article is to *503 empower Family Court to intervene and positively impact the lives of troubled young people while protecting the public” (Matter of Robert J., 2 NY3d 339, 346 [2004]; see also Quinton A., 49 NY2d at 335; Matter of Carmelo E., 57 NY2d at 435; Green, 95 NY2d at 698; Matter of Benjamin L., 92 NY2d 660, 670 [1999]; People v Campbell, 98 AD3d 5, 10 [2012], lv denied 20 NY3d 853 [2012]).
Lastly, “a hallmark of the juvenile justice system is that a delinquency adjudication cannot constitute a criminal conviction and a juvenile delinquent cannot be denominated a criminal” (Green, 95 NY2d at 698 [internal quotation marks omitted]; see also Holyoke Mut. Ins. Co. v Jason B., 184 AD2d 550, 552 [1992]; Matter of Andre B., 215 AD2d 159, 160 [1995]; Webb v State of New York, 18 AD3d 648, 649 [2005], lv denied 6 NY3d 707 [2006]).[4]
However, contrary to the public policy embodied in Family Court Act § 380.1, an unsealed record relating to an adjudication of juvenile delinquency could conceivably have the unintended effect of prejudicing the future endeavors of a rehabilitated young person (see Kristin Henning, Eroding Confidentiality in Delinquency Proceedings: Should Schools and Public Housing Authorities be Notified1?, 79 NYU L Rev 520 [2004] [noting potential for lasting stigma attached to juvenile delinquency adjudications]; Robin Walker Sterling, Fundamental Unfairness: In re Gault and the Road Not Taken, 72 Md L Rev 607, 660-662 [2013] [noting “disproportionate minority contact” with the juvenile justice system]).
C
In Matter of A.B. (13 Misc 3d 1242[A], 2006 NY Slip Op 52291 [U], *4 [Fam Ct, Nassau County 2006]), the Family Court stated that “[t]his Court does not believe that its responsibility to a respondent ends at disposition. When appropriate for the continued rehabilitation of a respondent, the court should consider its use of its inherent power to seal a respondent’s Family Court record pursuant to FCA 354.1(2) and 375.2.” Similarly, Professor Sobie has noted that motions to seal should be filed “whenever appropriate . . . and a motion is indeed appropriate in many cases . . . [such as] the large number of cases where the respondent had been found to have committed *504 a non-violent crime and, over the course of one or more years, has not re-offended” (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Court Act § 375.2 at 485 [2008 ed]).
In consideration of the above principles and the appellate cases which provide some guidance as to when a court should not exercise its interest of justice jurisdiction to order the sealing of the record, this court concludes that, in this case, the interest of justice warrants the sealing of the record of the Family Court and the records of those agencies specified by Family Court Act § 375.1 (1).
The respondent committed the acts underlying the juvenile delinquency petition a decade ago in March of 2006 when he was 14 years old. Notwithstanding the charges lodged by the underlying delinquency petition, the incident involved the reckless burning of tires. No humans or animals were harmed and no property was destroyed as a result of the incident. At the conclusion of the proceedings, Mr. R. was adjudicated to be a juvenile delinquent and he was placed under the supervision of the Department of Probation for 18 months.
The respondent successfully completed the period of probation supervision and he completed the community service hours imposed upon him by this court, and he successfully completed counseling referrals made by his probation officer. In the 10 years subsequent to the juvenile delinquency adjudication, the respondent has graduated from high school and from college with his Bachelor of Science degree, earning honors in his major. By all accounts, the respondent has led a law-abiding life, he appears to have strong family and community ties, and he poses no current threat to public safety. Respondent wishes to enter public service and the maintenance of the record in its unsealed state could hamper his future endeavors. While sealing will not necessarily prevent any and all future inquiries into the juvenile delinquency adjudication, no societal purpose would be served by denying this motion.
Under the circumstances presented, this court finds that the interest of justice is served by granting the motion to seal the records relating to this juvenile delinquency proceeding, and it is hereby ordered, that the motion to seal records relating to this juvenile delinquency proceeding is granted in the interest of justice and for the reasons stated herein, and the clerk shall send notice to the appropriate agencies (Family Ct Act § 375.2).

. Family Court Act § 375.1 relates to the sealing of records after the termination of a juvenile delinquency proceeding in favor of the respondent.

. Even if a motion to seal a record is granted pursuant to Family Court Act § 375.2, the Family Court record of the juvenile delinquency proceeding, as well as police records relating to the underlying arrest, may be provided to a judge for consideration in imposing sentence should the juvenile be convicted for committing crimes subsequent to sealing of the Family Court and police records (Family Ct Act §§ 381.2 [2]; 381.3 [2] [b]; e.g. United States v Daniels, 929 F2d 128, 129-130 [4th Cir 1991], cert denied 502 US 870 [1991] [federal court may consider New York delinquency adjudication in sentencing defendant]).

. While Family Court Act § 166 provides, in pertinent part, that “[t]he records of any proceeding in the family court shall not be open to indiscriminate public inspection,” and 22 NYCRR 205.5 contains limitations upon who may have access to Family Court records, it has been noted that “[s]ealing protects the respondent far more effectively than the imperfect confidentiality provision found in Section 166” (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 375.2 at 485 [2008 ed]).

. Similar protections are afforded to youth between the ages of 16 and 19 who are adjudicated to be youthful offenders at sentencing in a criminal action (see Castiglione v James F.Q., 115 AD3d 696, 696-697 [2014]; People v Francis, 137 AD3d 91, 93-94 [2016]).